DARGIN v. BEEKER, <em>et al.</em>

1. NOTICE: MISTAKE IN RECORD. The owner of real estate executed a mortgage to secure the payment of several promissory notes therein

described, in the record of which the description of one note was omitted, and the mortgagors subsequently sold the mortgaged premises to a purchaser and conveyed the same by a deed which referred to the mortgage, in which the aggregate amount of said notes was correctly recited. It was held that the purchaser took the property with notice of the mortgage as a security for all the notes, and could take no advantage of the omission in the record.

*Appeal from Dubuque City Court.*

SATURDAY, OCTOBER 6. ·

THE material facts are stated in the opinion of the court.

*James Burt* for the appellant.

*Knight & Griffith* for the appellee.

LOWE, C. J.—The history of this case is as follows : On the 31st December, 1856, Dennis A. Mahony and Patrick Mulligan and their wives, executed and delivered to Dennis Dargin a mortgage deed on certain real estate in the city of Dubuque, for the sum of $4,071.25, to secure the payment of the following promissory notes, making in the aggregate that sum :   First note, $1,000, payable 1st May, 1857; second note, $1,000, payable 1st October, 1857 ; third note, $500, payable 1st April, 1858 ; fourth note, $500, payable 1st October, 1858; fifth note, $500, payable 1st April, 1859; sixth note $571.25, payable 1st October, 1859.   On the 16th of March, 1857, Mulligan and wife sold out their interest in the mortgaged premises to Mahony, who assumed the above incumbrance.

Afterwards, on the 1st of November, 1858, Mahony and wife, for the consideration of $3,181, sold the premises to Gerhard Beeker, with a covenant in the deed "that the premises were free from all incumbrances except a mortgage given by Mahony and Mulligan to Dennis Dargin."   In recording the mortgage first above named the Recorder omitted to describe the fifth note of $500, falling due 1st of April, 1859.   On this note Dargin now seeks to foreclose the mort-

gage, and makes *inter alia* Gerhard Beeker, a subsequent purchaser, a defendant. He resists the foreclosure upon the ground that he had no notice or knowledge of the existence of this note when he purchased the premises; that the record did not impart to him any such information &c., &c. This objection ought not to prevail. Notwithstanding this omission in the record, the aggregate amount of all the notes was stated in another part of the mortgage to be $4,071.25, which was duly recorded, and of which the defendant Beeker had not only constructive but actual notice by the terms of his own deed. This was at least sufficient to put him, in our opinion, upon his guard or upon inquiry as to the real amount still due on the mortgage. And we presume this matter was well understood between the parties at the time, and that the five hundred dollars in question did in fact form a part of the $3,181 which Beeker was to pay for the premises. If it was not so he should have denied it in his answer. At all events he purchased, as his own deed shows, subject to a mortgage of $4,071.25, and whether the $500 note which formed a part of this sum was properly described or not, in the record, can not change the rights or liabilities of the parties. This really decides this whole case. We would be glad to notice some points made by counsel, but we have enough to employ ourselves in that way in other causes.

Judgment affirmed.