## H. S. CLARK v. T. W. HALL AND H. B. HALL.

1. PRACTICE; *Failure to Preserve Testimony.* Where the record fails to show that all the evidence is preserved, a reviewing court cannot say that the finding and judgment are against the evidence.

2. ———— And though some, or nearly all, of the essential facts in the case are admitted, yet if there remain a single material question which is not admitted, but contested, the rule remains the same, provided the party complaining holds the affirmative on that question.

3. MECHANICS' LIENS; *Liability of Owner and Contractor.* Where the owner of property makes a contract with a builder to erect a building and to furnish all the lumber therefor, and such contractor purchases

the lumber himself, but fails to pay for the same, the contractor is alone responsible, and no lien attaches to building and land in favor of the creditor. In such case if the owner were to promise to pay for such lumber, his promise would be a promise to pay the debt of another, and if not in writing would be void.

4. MOTION FOR NEW TRIAL; *Newly-Discovered Evidence.* Where a motion for a new trial is made on the ground of newly-discovered evidence, and overruled, without all the evidence before us, the supreme court cannot say that the newly-discovered evidence is not merely cumulative.

5. REVIEWING FINDINGS; *Conflicting Testimony.* The findings of fact of a trial court will not be set aside by a reviewing court unless they are clearly against the weight of the evidence.

### *Error from Cherokee District Court.*

ACTION brought by *Clark* to recover for a bill of lumber used in constructing a barn upon certain city lots owned by defendant, *H. B. Hall,* and to enforce a mechanic's lien therefor. The petition alleged a sale of the lumber to defendants, under a contract made personally with *T. W. Hall,* the husband, to be used in said barn, etc. The defendants denied the alleged contract, and denied the purchase of said lumber by them or either of them. The facts are sufficiently stated in the opinion of the court. The case was tried at the July Term 1871, of the district court. The court found for the defendants, and gave judgment against plaintiff for costs. *Clark* brings the case here by petition in error.

*W. M. Matheny,* and *John Guthrie,* for plaintiff:

1. It is not denied that the plaintiff furnished the lumber sued for, and that the building was erected from the lumber. The statute under which 'plaintiff seeks to enforce his lien is § 21, ch. 87, laws of 1870, p. 177. What is necessary to be proven under this law? or, in other words, what facts must the court find to authorize a judgment for the plaintiff? First, that the plaintiff possessed the lumber, that it was used for the erection of the building, and its value; 2d, that the husband contracted for the erection of the building; 3d, that the plaintiff filed his statement in the clerk's office, etc. Were the defendants not concluded by their admissions? and

was not the court bound to find these three propositions for the plaintiff? But it is doubtless claimed by the defendant, that T. W. Hall, the husband, did not contract for this lumber. Such claim can avail nothing here. The admissions as shown in the bill of exceptions and stipulations are sufficient to entitle the plaintiffs to judgment.

2. But if the court should conclude that the bill of exceptions contains all the evidence, what does the evidence show? Three witnesses, Clark, McFall and Moffitt, swear that the lumber was sold to the *defendants* on *their* credit. One witness, the defendant T. W. Hall, denies this, "but admits that McFall, his carpenter, got the lumber of Clark with the understanding that Hall was to have time on same or a part of the bill," etc. The testimony greatly preponderated in favor of the plaintiff; and upon the evidence of both parties, taken together, there should have been a judgment for the plaintiff.

3. The court erred in not granting a new trial on account of newly-discovered evidence. 4 Kas., 482; 16 Iowa, 121.

The opinion of the court was delivered by

BREWER, J.: Plaintiff brought suit to foreclose a mechanic's lien. Judgment was entered for defendants. Plaintiff claims that this was contrary to the evidence, but as the record fails to show that all the evidence is before us, how can we know that it was? See opinion in case of *Smith v. Gill* decided at the present term, (*ante,* p. 74,) and cases there cited. It is however insisted that upon the record it appears that certain facts were admitted, and that upon such admitted facts the plaintiff was entitled to a judgment, no matter what other facts might have·appeared in evidence. If the admissions went to all the material questions in the case, there would be great force in this claim, for where a party admits a fact he will not be permitted to offer testimony tending to disprove it, nor to avail himself of any such testimony if any there be in the case, but will be concluded by his admissions. But where

*1. Reviewing testimony.*

*Facts admitted, held conclusive.*

there is a single material question not admitted but disputed, and upon which the party complaining holds the affirmative, and the record does not show that it contains all the evidence bearing upon that question, we cannot disturb the judgment.

*2. Presumption in favor of findings and judgment of district court.* It may be that that single question was the one upon which the court below decided the case, and that if all the testimony bearing upon it were before us, it would be perfectly clear that the court decided correctly. It is to be presumed that the decision was correct; and before error will be affirmed it must be shown. Applying this rule to this case and we shall be compelled to affirm the judgment. Plaintiff claimed that he sold the lumber, for which he filed the lien, directly to the defendants. They claimed that they made a contract with one McFall to build a stable, and that McFall was to furnish all the material and

*3. Mechanic's Lien Law of 1870; contractor; purchaser.* do all the work; that they had paid him in full except about $80, which they claimed as damages, and that McFall bought the lumber of plaintiff. It was admitted that the lumber went into the stable of defendants, that the title to the lots, on which this stable stood, was in one of the defendants, and that the other defendant was authorized to contract for the building. Of course it was a vital question whether the sale was made to defendants or to McFall; for if made to McFall he alone would be responsible, and even a promise by defendants to pay, would be a promise to pay the debt of another, and if not in writing, void. Upon this vital question not only was there no admission, but there was some conflicting testimony; and for all the record discloses there may have been a great deal more.

It is also insisted that a new trial should have been granted on account of newly-discovered testimony, and a couple of affidavits were presented tending to show such testimony, but without all the evidence we are unable to see that this was

*4. New trials; newly-discovered evidence.* not merely cumulative, and not at all likely to have changed the result. Of course therefore we cannot say that there was any error in overruling the motion

for a new trial. Upon the record as it stands it appears that defendants have paid to their contractor substantially all that they agreed to pay for the building. Before they should be compelled to pay a second time, and to another party, it should be made plain that they have placed themselves under some legal obligation. This the record does not show, and the judgment will be affirmed.

All the Justices concurring.

Upon the filing of the foregoing opinion the plaintiff in error filed a motion for a rehearing. This motion was duly heard, and on the 15th of October was denied. On this motion denying a rehearing the opinion of the court was delivered by

Brewer, J.: The decision in this case was made, and the opinion filed, on the 16th of August last. The main ground upon which the judgment of the district court was affirmed, was a failure in the record to show that all the testimony was preserved. Since that decision a motion for rehearing has been made, and on that motion a stipulation of the attorneys of both parties is filed, to the effect that the record does contain all the testimony offered on the trial in the district court. This of course changes the nature of the case as it stands before this court; but unfortunately for plaintiff in error it only changes the necessity of affirmance from one principle to another. Upon the testimony in the record the district court found for defendants. Upon at least one material question there was conflicting testimony, and that is, whether the lumber was sold by plaintiff to defendants, or to one McFall, their contractor. As was said in the former opinion: "Of course it was a vital question whether the sale was made to defendants or to McFall, for if made to McFall, he alone would be responsible, and even a promise by defendants to pay, would be a promise to pay the debt of another, and if not in writing, void. Upon this vital question not only was there no admission, but there was some conflicting testimony; and for all the record discloses

5. Reviewing findings; conflicting testimony.

there may have been a great deal more." Under the stipulation this last assertion must be omitted, but the others remain unchanged. Upon this question the testimony seems to preponderate in favor of the plaintiff; but still the rule is well settled, that the finding of fact of a district court will not be set aside in this court unless it is clearly against the weight of the evidence. *Rose v. Williams*, 5 Kas., 488. A mere apparent preponderance is insufficient. We shall be compelled to overrule the motion for a rehearing, because upon the testimony the district court found for defendants, and there is some unimpeached testimony to sustain the findings.

All the Justices concurring.