## BARR v. THE CITY OF OSKALOOSA ET AL.

1. **Highway: VACATION OF: DAMAGES.** The vacation of a highway does not confer upon an individual residing thereon a right of action for the recovery of damages, even though he may suffer inconvenience or loss thereby.

2. ――――: **USE BY RAILWAY COMPANY: DAMAGES.** Nor can the owner of abutting property recover damages for such a use of a street or highway as essentially deprives it of its character as a public highway.

*Appeal from Mahaska District Court.*

FRIDAY, DECEMBER 15.

THE petition in substance alleges that on the 13th day of April, 1870, the plaintiff acquired title to, and has since that time owned, lots Nos. 5 and 6, situated upon the corner of what was formerly known as Kossuth street and Liberty street, in West Oskaloosa; that said street was dedicated to

the public by John White, who laid out said lands into lots; that, upon the faith of the permanent use and occupancy. of said streets as public ways, buildings were erected on said lots and were used and occupied by plaintiff's tenants for dwelling purposes; that for the purpose of avoiding the payment of any damages to the plaintiff and other property owners whose lands abutted on Kossuth street, in the city of Oskaloosa, and for the purpose of taking the control thereof for railway purposes, not as an additional easement upon said street, but for the purpose of occupying the same exclusively for railway purposes, the defendant, the Central Railroad Company, obtained of John White a quit claim deed, on the 28th day of October, 1870, conveying all the reversionary rights of said White in and to said Kossuth street; that on the 4th day of August, 1871, the city council of said city vacated said street by an ordinance; "that at the time of passing said ordinance the said Kossuth street was a graded street in good repair for use of travel for all purposes; that upon the passage of said ordinance the defendant, the city of Oskaloosa, permitted the said railway company to take and assume the control of the said street from High street north; and the said railway company by its agents and employes did take possession of the same, and did excavate the same, and fill the same with ties and iron rails, and did build therein switches, scales, side-tracks and all such devices as are usually used by railway companies; and they did excavate said street to the depth of six feet, and rendered the same wholly unfit for travel; and have filled said side-tracks with cars, engines and other obstructions, so as utterly to destroy it for all purposes of travel, except railway purposes, and have wholly excluded the plaintiff from all use of said street." To this petition the plaintiff afterwards filed an amendment as follows: "He avers that the addition of John White to the city of Oskaloosa was laid out and platted by two separate conveyances; one made on May 22d, 1853, which included the lots now owned by plaintiff, and one on May 24th, 1855, which included the lands immediately north of the premises of the plaintiff, and including the extension of said Kossuth street

north of the premises of the plaintiff; that under and by virtue of said ordinance vacating said street, and under and by virtue of the said deed of conveyance from said John White, the said railway company has taken control of the entire street known as Kossuth street, and has totally destroyed the same as a public highway, and has rendered it impossible for the plaintiff or the public to use the same; that the said railway company claim and assume to hold said street as their private and individual property; that plaintiff has a dwelling house situated on said street, costing two thousand dollars, and has other costly and permanent improvements thereon; that by reason of the said illegal and wrongful acts the plaintiff has been greatly obstructed in the use of his said private property, and the value of the same has been almost wholly destroyed; that said railway company has cut down the grade of said street, and, by the excavation of the same, and by the manner in which said railway has been constructed, has wholly deprived the plaintiff of all use of the same. Wherefore the plaintiff claims damages in the sum of five hundred dollars." Attached to the petition are copies of the quit claim deed from John White, and of the ordinance vacating Kossuth street.

To this petition both defendants demurred. The demurrers were sustained, and, the plaintiff electing to stand upon his petition, the cause was dismissed. Plaintiff appeals.

*John F. Lacey*, for appellant.

*Brown, Stone & Sears*, for the Central Railroad Co.

*Lafferty & Johnson*, for the City of Oskaloosa.

DAY, J.—I. The plaintiff's claim for damages is based principally upon a want of power of the city of Oskaloosa to

1. HIGHWAY: vacation of: damages.

vacate the street in question. The ordinance of vacation was passed on the 4th day of August, 1871, and is as follows: "Be it ordained by the city council of the city of Oskaloosa, Iowa, that all that portion of Kossuth street in White's addition be and the same is hereby

vacated; provided, that John White conveys the land or ground heretofore occupied by Kossuth street to the Central Railroad Company of Iowa; provided, further, that all the provisions of an ordinance heretofore passed, granting to said railroad company the right of way along and over said Kossuth street, are carried out by said railroad company; and provided, further, that the depots of said railroad company be located at the same point, on the line of said road, between Harrison and High streets."

The city of Oskaloosa was incorporated under the general incorporation law, chapter 51, Revision of 1860. Section 1064 of the Revision confers upon any municipal corporation organized under the provisions of that chapter power to lay off, open, widen, straighten or to narrow or vacate streets, alleys, public grounds, wharves, landing places and market places. This section clearly confers upon the city the power exercised in this case; and for an exercise of this legal right the city cannot be made to respond in damages. We have held that the vacation of a highway does not take from an individual residing thereon his property either for public or private use, and that he cannot recover damages therefor, although he may sustain inconvenience and loss therefrom. *Brady v. Shinkle*, 40 Iowa, 576; *Ellsworth v. Chickasaw County*, Id., 571. In *Pettingill v. Devin*, 35 Iowa, 344, the city charter provided for compensation whenever property was injured by the vacation of a street.

II. Many authorities have been cited by appellant respecting the right of the owner of a lot abutting upon a public

2, ———: use
by railway
company;
damages.

street to recover damages for such use of the street by a railroad as essentially deprives the street of its ordinary character of a highway. We do not deem it necessary to enter upon this question or to attempt a review of the many cases cited, some of which seem to be in conflict with the prior decisions of this court. It is not claimed that the plaintiff in this case owned the fee in the street; upon the vacation of the street no interest reverted to him. The construction of the railroad over the property in question did not appropriate any property belonging to plain-

tiff, or any property in which, after the street was vacated, he had any interest.   Whatever inconveniences he may suffer by the construction of a railroad over the property of others, no carelessness or negligence in such construction appearing, are injuries for which the law does not undertake to make compensation in damages.   We think the judgment of the court below should be

AFFIRMED.

SEEVERS, CH. J., having been of counsel, took no part in this decision.