STATE EX REL. JOHNSON, ET AL., APPELLANTS, *v.* BOARD
OF COMMISSIONERS OF DEER LODGE
COUNTY, RESPONDENTS.

(Submitted May 19, 1897.   Decided June 7, 1897.)

*Public Roads—Vacating—Damages.*

The owners of land along and through which a public road runs are not entitled to damages on vacation of the road by the proper authorities.
By the vacation of a public road there is no taking of private property for public use, within the meaning of Const, Art. 3, § 14.

*Appeal from District Court, Deer Lodge County.   Theodore Brantley, Judge.*

APPLICATION by the state of Montana, on the relation of Herman Johnson and others, for a writ of certiorari to review the proceedings of the board of county commissioners of Deer Lodge county, Mont., in vacating a public road.   From a judgment quashing the writ, relators appeal.   Affirmed.

Statement of the case by the justice delivering the opinion.

This is an application for a writ of certiorari to review the action of the board of county commissioners of Deer Lodge county in vacating a certain public road, described in the complaint.

It is conceded that the proper steps and proceedings were had, in accordance with the statute, to procure an order of the board of county commissioners vacating the road in controversy.   The chief complaint of the petitioners seems to be that the board of county commissioners, when the matter of vacating the road was properly before them, made the order vacating the road, but declined to appoint viewers to pass upon the propriety or necessity of vacating the same, and acted seemingly as viewers themselves, and declined to allow any compensation to the petitioners on account of vacating the road.   It seems that the petitioners own land along and

through which said public road runs, and have improved their said lands during the time said road ran through them, before the order vacating the same was made.

The district court issued the writ as prayed for, and on the return day thereof the board of county commissioners, through the county attorney, filed a motion to quash the same on the grounds :

"(1)   Because the affidavit and application upon which said writ is asked do not state facts sufficient to entitle said plaintiff to said writ.

"(2)   Because said defendant board did not exceed its jurisdiction, as shown by said affidavit and application.

"(3)   Because said application for said writ was not made within thirty days after said order was made closing said road.

"(4)   Because said plaintiffs were guilty of laches in applying for said writ, in this:   That they did not file their application until four months after the order closing said road had been made, and after said road had been closed in pursuance of said order."

The district court sustained the motion, and quashed the writ.   The plaintiffs appeal.

*Ed. Scharnikow* and *W. W. Goodman,* for Appellants.

. *C. B. Nolan,* Attorney General, for Respondent.

PEMBERTON, C. J.—The motion of the respondent to quash the writ, which was sustained by the court, and from which action this appeal is prosecuted, is in effect a demurrer to the application or petition of plaintiffs.   The question, then, is this :   Does the application or petition of the plaintiffs for the writ show in them any such right, or that they have sustained any such injury, as will entitle them to damages on account of the vacating of the road in controversy by order of the defendant board ?

The law under which this case was instituted gave the board power to vacate public roads when proper proceedings had

been taken before the board for that purpose. There is no express statute allowing damages to anybody on account of the vacating of a public road by the board of county commissioners. The question here involved has been decided by the supreme court of Iowa. The Iowa statutes are not unlike ours. In *Brady* v. *Shinkle*, 40 Iowa, 576, the supreme court of that state says:

"That a landowner may sustain 'damages,' according to the common acceptation of the word, on account of the vacation of a highway, as stated in the question, cannot be doubted. It is equally true that inconvenience and damage may result to him by closing a road which is miles away from his land. A farmer may suffer serious loss and inconvenience by the vacation of a highway over which he is accustomed to travel and haul the productions of his farm to market, though his land abuts upon no part of it. All who use the road suffer in the same manner. While one may be more largely injured than others, he yet sustains damages of the same character and nature which all who use the road—the public generally—suffer. While the road exists he has the right to the easement. But this right is not different from that enjoyed by the public generally. His right, then, is such as is enjoyed by the public. His damages are those shared by the public, and no other. It is well settled that in such a case recovery cannot be had by a citizen.

It cannot be claimed that plaintiff's property, by the vacation of the road, is taken from him, either for public or private use. The right to the continuation of the highway, held in common with the public, if it exists, cannot be claimed to be property of the character which the citizen holds free of governmental interference, except upon receiving therefor due compensation. We hold many rights subject to the control of the state for the public good. The law places the control of highways, with the power to vacate them, out of the reach of the citizen. They are to be exercised for the public good. Inconvenience and damage resulting therefrom are not to be compensated. Each citizen must bear such burdens. They

are imposed as a condition for the enjoyment of the benefits resulting from government.

It will be readily seen that different rights of the citizen are invaded when a road is established than when one is vacated. In the establishment of a highway real property must be taken for public use, and the law provides in such cases for compensation of the landowner. In the vacation of a road the land so taken is restored to the owner, and the right of the public to its use is cut off. The citizen has no right to the continuation of the road, except such as he holds in common with the public. The distinctions between the right of a citizen to the use of an existing highway and his right to its continuation are also plainly discernible. While he may not be deprived of the first right, the second he holds subject to the exercise of lawful authority.'' To the same effect, see *Ellsworth* v. *Chickasaw Co.*, 40 Iowa, 571.

There is nothing in the application or petition of the plaintiffs that shows that they have sustained any inconvenience or damage different from that which the public generally has suffered by the vacation of the road in question. If this suit can be maintained for damages, why may not anybody and everybody who may be inconvenienced or damaged by the vacation of a public road by the proper authority have a cause of action against the county, or the person causing such road to be vacated, for damages?

There is, in our opinion, no such taking of private property for public use shown in this case as is contemplated and prohibited by section 14, article 3, of our constitution. The Iowa decisions, quoted at length above, so forcibly and conclusively express the views we entertain of this question that we deem any further discussion of the matter unnecessary. See, also, *Clarke* v. *City of Providence* (*R. I.*) 15 Atl. 763 ; *Kings County Insurance Co.* v. *Stevens*, 101 N. Y. 411, 5 N. E. 353; *City of Chicago* v. *Union Building Ass'n*, 102 Ill. 379; *City of East St. Louis* v. *O'Flynn*, 119 Ill. 200, 10 N. E. 395.

The appellants contend that the defendant board exceeded its jurisdiction in its action relating to the vacation of the

road in controversy. Respondent also contends that the appellants had the right of appeal from the action of the board complained of to the district court, or could have brought a suit by injunction to restrain the action of the board, if illegal or if appellants had any right of action for damages, and that consequently they had no right to institute this proceeding for a writ of certiorari.

Having disposed of the appeal on the ground that plaintiffs have no right of action for damages by reason of any fact stated in their application or petition, it is useless to discuss any minor question presented by the record. We may say, however, that the statutes in force when the order was made vacating the road in question did not require the board to appoint viewers to determine any question of propriety, necessity, or damage before making the vacating order, as in case of laying out new roads, nor has any necessity for such action by the board been shown in this case.

The order and judgment appealed from are affirmed.

HUNT and BUCK, JJ., concur.