.B. F. Long v. Nannie Belle Wilson *et al.*, Appellants.

Abutting Property: INTEREST OF OWNER IN STREET: CHANGE IN BOUNDARIES: An owner of property abutting upon a public street has an interest in the street distinct from his interest as a citizen of the municipality, and is not bound by a decree in a suit against the city to change and fix the boundaries of such street to which he is not, individually made a party.

*Appeal from Dallas District Court.*—Hon. J. H. Applegate, Judge.

Wednesday, January 28, 1903.

THE petition alleged that plaintiff acquired lots 5, 6, and 7 in block 3, abutting Fifth street, in Tyler's addition to Perry, in 1892, and shortly thereafter occupied them as a homestead for himself and family, and has continued to do so since; that said street is seventy feet wide, and the only one through which plaintiff has convenient access to said property. It also averred facts which, if true, indicate that said street, through dedication, had become a public street of the city before defendants acquired block 4 of said addition in November, 1900, and that they have since encroached on said street by erecting a dwelling house, building a fence, and planting shade trees up to within thirteen feet of the east line of plaintiff's lots, and threaten by other obstructions to prevent the use of all the said street, save said strip thirteen feet wide along the east side of plaintiff's lots, and thereby interfere with his access to his property, and the comfort and enjoyment of it as a home, and greatly diminish its value. Plaintiff prayed that these obstructions be abated, and defendants enjoined from encroaching on said street. In the third

division of the answer the defendants aver that they acquired said block 4 (describing it) of the Security Investment Company of Baltimore, November 27, 1900; that prior to that time, December 19, 1899, said company commenced an action against the city of Perry to establish the boundaries of said block, and to quiet title against said city; that said city appeared and answered; that decree was entered, as prayed, confirming the boundaries of said block as claimed by defendants. Copies of the pleadings and decree in that case were set out as part of the answer. To this division the plaintiff interposed a general demurrer and also that the adjudication was not binding on plaintiff, as he was not a party to the action. The demurrer was sustained, and defendants appeal.—*Affirmed.*

*Giddings & Winegar* for appellants.

*White & Clarke* and *H. A. Hoyt* for appellee.

LADD, J.—For the purpose of this case, the averments of the petition and third division of the answer must be treated as true. If so, then defendants are encroaching upon and obstructing the only street by which plaintiff has convenient access to his homestead abutting thereon. The defendants justify this by a decree in an action wherein their grantor was plaintiff and the city of Perry, within whose limits the property is located, was defendant, awarding said grantor all of said street, save a strip thirteen feet wide along the east side of plaintiff's lots, as a part of block 4 to the east, and belonging to them. Plaintiff was not a party to that action. Is he bound by the adjudication? As contended by appellant, the decree is binding upon all citizens of the city of Perry having no interest in the street, other than as individual members of the general public. The legally constituted authorities of the city stand for and instead of its citizens, and may be said to represent them in such litigation. *Clark v. Wolf,*

29 Iowa, 197; *Lyman v. Faris*, 53 Iowa, 498; *Cannon v. Nelson*, 83 Iowa, 242; *Dicken v. Morgan*, 59 Iowa, 157. This is not questioned. What appellee contends is that, as owner of the property abutting on the alleged street, he has a right to and interest in the street distinct and different from that of the general public. This doctrine has been expressly recognized in this state. *Cook v. City of Burlington*, 30 Iowa, 94; *Warren v. City of Lyons*, 22 Iowa, 351. The authorities are practically agreed to the same effect. Elliott, Roads & Streets, section 877.

It may not be of importance to the general public whether a particular street is vacated or not. It is important to the individual owner of abutting property that he shall be able to get to and from his residence or business, and that the public shall have the means of getting there for social or business purposes. In such a case access to thoroughfares connecting his property with other parts of the town or city has a value peculiar to him, apart from that shared in by citizens generally, and his right to the street as a means of enjoying the free and convenient use of his property has a value quite as certainly as the property itself. If this special right is of value,—and it is of value if it increases the worth of his abutting premises,— then it is property, regardless of the extent of such value. Surely no argument is required to demonstrate that the deprivation of the use of property is to that extent the destruction of its value.

Under the allegations of the petition, then, shutting off the approach to plaintiff's homestead was the taking of his property, and of this there has been no adjudication. *Haynes v. Thomas*, 7 Ind. 38; *Lackland v. Railroad Co.*, 31 Mo. 180; *Bradbury v. Walton*, 94 Ky. 167 (21 S.W. Rep. 869); *Heller v. Railroad Co.*, 28 Kan. 625; *Heinrich v. City of St. Louis*, 125 Mo. 424 (28 S. W. Rep. 626, 46 Am. St. Rep. 490); *Bannon v. Rohemeiser*, 90 Ky. 48 (13 S. W. Rep. 444, 29 Am. St. Rep. 355); *Abendroth v. Railway*

*Co.*, 122 N. Y. 1 (25 N. E. Rep. 496, 11 L. R. A. 634, 19 Am. St. Rep. 461); *Cincinnati & Spring Grove Ave. St. Ry. Co. v. Incorporated Village of Cumminsville*, 14 Ohio St. 523; *Anderson v. Turbeville*, 6 Cold. 150. As said in *Heinrich v. City of St. Louis, supra*: "There is no doubt but a property owner has an easement in a street upon which his property abuts which is special to him, and should be protected. While the owner of a lot on a public street has the same right to the use of a street that rests in the public, he at the same time has other rights which are special and peculiar to him, and the right of ingress and egress is one of them. This right of access is appurtenant to his lot, and is private property. To destroy that right is to damage his property, and when this is done for the public good the public must make just compensations."

We are not questioning the power of the legislature, through the municipality, to vacate streets. That has been fully recognized by this court. *McLachlan v. Town of Gray*, 105 Iowa, 259, and cases cited. Conceding such power, it does not follow that it may be exercised without compensating abutting owners for the damages occasioned thereby. *Paul v. Carver*, 24 Pa. 207 (64 Am. Rep. 649), and *McGee's Appeal*, 114 Pa. 470 (8 Atl. Rep. 237), are often cited as announcing that compensation cannot be exacted in event of the vacation of a street. Although the opinions broadly state this, it is to be observed that they were causes in which the municipalities were sought to be enjoined from exercising the power to vacate, and did not necessarily involve the right of the abutter to recover damages. The power to vacate, as we think, does not necessarily depend on the absence of the right to recover damages for the taking of private property. Damages might be awarded in a subsequent action.

But these cases are to be further distinguished, in that the public had but an easement, and the vacation amounted to no more ' ' a surrender of this to the owner

of the fee.    They seem in this respect to be in harmony with our own decisions relating to the vacation of a coun-try highway.    In deciding this question, the court, in *Brady v. Shinkle*, 40 Iowa, 576, said: "That a landowner may sustain damage, according to the common acceptance of the word on account of a vacation of a highway, as stated in the question, cannot be doubted.    It is equally true that inconvenience and damage may result to him by closing a road which is miles away from his land    A farmer may suffer serious loss and inconvenience by the vacation of a highway over which he is accustom to travel and haul the productions of his farm to market, though his land abuts upon no part of it.    All who use the road suffer in the same way.    While one may be more largely injured than others, he yet sustains damages of the same character and nature which all who use the road—the public generally—suffer.    While the road exists, he has a right to the easement.    But this right is not different from that enjoyed by the public generally.    His right then, is such as is enjoyed by the public.    His damages are those shared by the public, and no other."    See, also, *Grove v. Allen*, 92 Iowa, 519; *McKinney v. Baker*, 100 Iowa, 362. This is t e prevailing rule.    *Levee Dist. v. Farmer*, 101 Cal. 178 (35 Pac. Rep. 569, 23 L. R. A. 388); *State v. Board of Com'rs of Deer Lodge Co.*, 19 Mont. 582 (49 Pac. Rep. 147).    See, *contra*, *Pearsall v. Supervisors*, 74 Mich. 558 (42 N. W. Rep. 77,  4 L. R. A. 193).

In the vacation of an ordinary highway, outside of a city or town, all that is done is to yield control of the ease-ment in the land, and the right of exclusive possession passes to the owner, to be occupied as a private way, or otherwise, as he pleases.    Its discontinuance does not of necessity cut off access to his property.    The public merely ceases to keep up and repair the strip of land as a high-way.    The situatio , although analogous in some respects, is different with a town or city street.    The abutting lot

owner cannot complain if the street be left in precisely the same condition as a country road. The municipality owes him no legal duty of improving it. Upon its vacation, however, the fee, remaining in the city or town, may be devoted to whatever purposes it may choose, and hence access be entirely cut off. It may be diverted absolutely from the purposes for which dedicated, and this brings us to the main distinction between a country highway and a street. The former is established by law for the public; the owner usually being paid value for a mere easement in his land, though there may be gratuitous dedication. Title to the streets of a city or town is acquired by grant with the implied right of ingress and egress in the abutting lot owner; the grantor or the party making the dedication of the city or town saying to him, "This right of ingress and egress you shall have." *Bradbury v. Walton,* 94 Ky. 163 (21 S. W. Rep. 869). By accepting the street, the obligation to keep it open and afford the dedicator or his grantees, near or remote, access to abutting lots is clearly implied; and though, under the plenary powers of the legislature over all streets and highways, it may be vacated, the damages occasioned thereby cannot be said to be those shared with the public generally, as in the case of a country road, but are in large part peculiar to himself. *Anderson v. Turbeville,* 6 Cold. 150; *Seldon v. City of Jacksonville,* 28 Fla. 558 (10 South. Rep. 457, 14 L. R. A. 370, 29 Am. St. Rep. 278); *Moose v. Carson,* 104 N. C. 431 (10 S. E. Rep. 689, 7 L. R. A. 548, 17 Am. St. Rep. 681); *Town of Rensselaer v. Leopold,* 106 Ind. 29 (5 N. E. Rep. 761), and cases previously cited; *People v. Marin Co.,* 103 Cal. 223 (26 L. R. A. 659,) and note in which decisions are collected (s. c. 37 Pac. Rep. 203). Damages incident to the occupation of the street by a railroad are denied, in the absence of statute, because the inconvenience occasioned thereby is shared in by the citizens generally. Nor do courts look favorably on claims based on the mere

inconvenience arising from the closing of streets, when another approach remains. *Insurance Co. v. Stevens*, 101 N. Y. 411 (5 N. E. Rep. 353); *Feariny v. Irwin*, 55 N. Y. 486; *Dantzer v. Railway Co.*, 141 Ind. 604 (39 N. E. Rep. 223, 34 L. R. A. 769, 50 Am. St. Rep. 343). And no consideration will be given the claims of owners of land not abutting thereon. *Smith v. City of Boston*, 7 Cush. 254; *City of East St. Louis v. O'Flynn*, 119 Ill. 200 (10 N. E. Rep. 395, 59 Am. Rep. 795); *Heller v. Railroad Co.*, 28 Kan. 625.

The point involved was touched in *Barr v. City of Oskaloosa*, 45 Iowa, 275. The ruling there affirmed sustained a demurrer to a petition that, while alleging the vacation of the street, also asserted that access to the dwelling house was greatly obstructed, not cut off. It was held that the city had the power to vacate, and that damages could not be recovered for the partial use thereof by the railroad; but in the course of the opinion, after referring to the statute, the court said: "This section clearly confers upon the city the power exercised in this case, and for an exercise of this right the city cannot be made to respond in damages." But the case has not been treated in subsequent decisions as disposing of the question. Thus in *Stubenrauch v. Nevenesch*, 54 Iowa, 567, it was mentioned and treated as open, but a decision of it expressly disclaimed; *Barr v. City of Oskaloosa*, being cited. In *Williams v. Carey*, 73 Iowa, 194, the court said that the use of the street in *Barr's Case* had not been diverted, but was "still devoted to a public use, different, possibly, from the one intended by the proprietor who laid out the town." The writer of the opinion had spoken for the court in *Cook v. City of Burlington*, 30 Iowa, 94, and quoted with approval language from an Ohio case which so clearly expresses our conclusion that it will bear repetition: "The lot owners have a peculiar interest in the street,

which neither the local or general public can pretend to claim; a private right in the nature of an incorporeal hereditament legally attached to the contiguous grounds and the erections thereon; an incidental title to certain facilities and franchises assured to them by contract and by law, and without which their property would be comparatively of little value. This easement appendant to the lots, unlike any right of one lot owner in the lot of another, is as much property as the lot itself."

Having determined all necessary to a decision of this case, the question of liability for damages ought to be deferred until directly involved. It follows that, as plaintiff had an interest in the street apart and distinct from that enjoyed by citizens generally, the adjudication against the city of Perry was not binding on him, and the demurrer was rightly sustained. *Hine v. Railroad Co.*, 42 Iowa, 636.—Affirmed.