[Civ. No. 941.   Second Appellate District.—April 24, 1911.]

## LOUIS F. SWIFT and ANNE R. FAULKNER, Petitioners, Appellants, v. BOARD OF SUPERVISORS OF THE COUNTY OF SANTA BARBARA, Respondent; HELEN R. OOTHCUT, Intervenor, Respondent.

Highway—Discontinuance of Public Lane—Jurisdiction of Supervisors—Notice of Hearing not Required.—The board of supervisors have jurisdiction to discontinue a public lane leading from one public road to another as a public highway to be maintained at public expense, without being required to give notice of the hearing of the proceeding for such mere order of discontinuance.

Id.—Requirement of Notice of Hearing.—Section 2688 of the Political Code provides for a notice of hearing only when it is required to appoint viewers to alter or modify a public highway, or to open a new highway.

Id.—Duty of Supervisors to Abandon Unnecessary Part of Public Highway.—It is by subdivision 3 of section 2643 of the Political Code made the duty of the board of supervisors, of its own motion, and without hearing evidence, to abandon by proper order such roads as are not necessary for the public use, and thus relieve the county of the burden of their maintenance.

Id.—Constitutional Act—Abutting Owner not Deprived of Property Right.—The act providing for such discontinuance without a hearing is not unconstitutional as depriving the abutting owner of his property without due process of law. The abutting owner has no property right in a public road; and he cannot recover damages for its discontinuance, although he may sustain inconvenience and loss therefrom.

Id.—Distinction Between Public Road and City Street.—There is a marked distinction between the rights of an abutting owner upon a city street and one upon a public road. A municipality cannot vacate a city street against abutting owners without compensation. But it is otherwise with an ordinary public road.

Id.—Effect of Discontinuance of Public Road—Rights Acquired by Grant Unaffected.—The discontinuance of a public lane connecting two public roads as a highway merely surrenders the rights therein which have been acquired by the public. If by grant or otherwise rights have been acquired by an abutting owner, such rights are unaffected by the order; but such owner may not insist that the public shall maintain a road for his private convenience and use.

Id.—Writ of Review to Annul Order of Discontinuance not Permissible—Rights of Petitioners.—No writ of review is permis-

sible to annul an order of discontinuance of a public road, regardless of the private rights of either of the petitioners. The record shows that the rights of one of them are unaffected; while the other petitioner owns by grant a line to the center of the discontinued road, and has thereby the means of ingress and egress to his property from the abandoned public lane.

APPEAL from an order of the Superior Court of Santa Barbara County denying an application for a writ of review. S. E. Crow, Judge.

The facts are stated in the opinion of the court.

C. F. Carrier, and Richards & Carrier, for Appellants.

W. S. Day, for Board of Supervisors, Respondent.

G. H. Gould, for Intervenor, Respondent.

SHAW, J.—Appeal from an order denying an application for a writ to review the action of the board of supervisors of Santa Barbara county in abandoning a public road without notice to the owners of property abutting thereon. Pepper lane was, and for a number of years had been, a public highway extending from the east line of Sycamore Canyon road in a northeasterly direction to the west line of Hot Springs avenue. Petitioners were the owners of the land on the south side of Pepper lane, the lands of one fronting and abutting on Sycamore Canyon road and that of the other fronting and abutting on Hot Springs avenue. Swift's ownership of the fee extended to the center of Pepper lane, from which he had an entrance to his property. Faulkner did not own any part of the fee in said land and maintained no entrance from said highway to her premises. On Saturday, the second day of October, 1909, a petition sufficient in form and substance as provided by section 2681, Political Code, and signed by more than ten freeholders, was filed with the clerk of the board of supervisors, praying for an order whereby the road known as Pepper lane should be vacated and abandoned. On the following Monday, October 4, 1909, at a regular meeting of the board of supervisors, and without any notice of the filing of the petition or time and place of the hearing thereof, the board made an order as

prayed for abandoning said road between the points named as a public highway. Thereafter petitioners applied to the superior court for a writ of review of the proceedings, alleging that the action of the board of supervisors was had and taken without jurisdiction. In response to an order to show cause, the board appeared by its attorney and made answer to the petition, and by leave of court Helen R. Oothcut, respondent herein, appeared as an intervenor and filed her complaint in intervention, denying the allegations of the petition and alleging that the board had jurisdiction in the proceedings. At the hearing, the court made an order denying the application, and petitioners appeal therefrom.

Appellants insist that the making of the order abandoning the road as a public highway was and is void, for the reason that it was made without a reference to viewers and in the absence of any notice of the hearing given in the manner prescribed by section 2688, Political Code. This section is one of a number of sections found under the title of "Laying Out, Altering, and Discontinuing Roads," and constituting article VI, part III, title VI, chapter II, Political Code. Referring briefly to these sections, we find that "any ten freeholders who will be accommodated by the proposed road . . . may petition, in writing, the board of supervisors to alter or discontinue any road, or to lay out a new road therein" (section 2681); which "petition must set forth the general route of the road to be abandoned, discontinued, altered, laid out, or constructed, and the names of the persons over whose land the same is to run, if known" (section 2682). The petition must be accompanied with a bond in double the amount of the cost of viewing, laying out, or altering of the road, conditioned for the payment of the costs of viewing and surveying the same (section 2683). Upon the filing of the petition and bond, viewers are to be appointed by the board of supervisors, whose duty it shall be to view and survey any proposed alteration of an old or opening of a new road, and submit an estimate of the change, alteration or opening, including the purchase of the right of way, and their views of the necessity thereof (section 2684). They must view and lay out the proposed alterations or new road over the most practicable route (section 2685); and when the view and survey of the proposed alteration or new road is completed, must

report to the board of supervisors the course, termini, length and probable cost of construction of the proposed road, an estimate of damage to the owner of any land over which it is proposed to run the road, the names of owners who consent to give the right of way therefor, together with the names of owners who do not consent and the amount of damage claimed by each (section 2686). Section 2688 provides that upon the filing of the report the board must fix a day for hearing the same, and must give notice of the time and place of such hearing in the manner therein prescribed. "Said notice shall intelligibly describe the road to be abandoned, discontinued, altered, laid out, or constructed, and the lands over which the same is to run. . . . The board must, on the day fixed for the hearing, or to which it may be postponed or continued, hear the evidence offered by parties interested for or against the proposed alterations or new road; and must ascertain and by order declare the amount of damage awarded to each nonconsenting land owner over whose land they shall order the road to be opened." It will thus be seen that section 2688 provides for notice of a hearing only in those cases where viewers are appointed, whose duty it is to make a report to the board as required by the preceding sections. No provision is made for the appointment of viewers, save and except in those cases where a new road is proposed, or it is proposed to change or alter the old one, which alteration may necessitate the abandonment of a part thereof and the taking in of new territory for the purpose of widening or straightening. It will also be noted that section 2688 makes no provision at the hearing for the introduction of any evidence offered by parties interested for or against abandonment merely, but only for or against proposed alterations or the opening of a new road. We are, therefore, of the opinion that where the proceeding contemplates the abandonment only of a road between designated termini, jurisdiction of the board to make the order does not depend upon the giving of notice of the hearing required by section 2688, Political Code. This construction is further strengthened by the fact that by subdivision 3 of section 2643, Political Code, it is made the duty of the board, of its own motion and without hearing evidence, to abandon by proper order such roads as are not

necessary for the public use, and thus relieve the county of the expense and burden of their maintenance.

As thus construed, appellants insist that the act is unconstitutional, in that it deprives the abutting owner of his property without due process of law. "The question, therefore, is," says counsel for appellants, "Has the abutting owner a property right in a country road? It has been held to the contrary in *Levee District* v. *Farmer,* 101 Cal. 178, [35 Pac. 569, 23 L. R. A. 388]." The opinion in that case contains an extended discussion of the question and holds that the "vacation of a highway does not take from the individual residing thereon his property, either for public or private use, and that he cannot recover damages therefor, although he may sustain inconvenience and loss therefrom," citing *Barr* v. *City of Oskaloosa,* 45 Iowa, 275. In American and English Encyclopedia of Law, volume 15, page 402, it is said: "It is generally held that in the absence of statutory provision, one whose land abuts on a highway is not entitled to damages on account of the discontinuance of the highway, his rights therein not being considered property within the protective clauses of the constitution." To same effect see *Paul* v. *Carver,* 24 Pa. 207, [64 Am. Dec. 649]; *State* v. *Deer Lodge Co.,* 19 Mont. 582, [49 Pac. 147]; *Coffey Co.* v. *Venard,* 10 Kan. 80. Appellants endeavor to avoid the effect of the decision in *Levee District* v. *Farmer,* 101 Cal. 178, [35 Pac. 569, 23 L. R. A. 388], by citing a number of authorities wherein it is held that a municipality cannot vacate a city street as against nonconsenting owners of property abutting thereon without compensation. There is a marked distinction between the rights of an abutting property owner upon a city street and one upon a country road. As said in *Bradbury* v. *Walton,* 94 Ky. 167, [21 S. W. 869]: "The streets of a town or city are acquired by grant with the implied right of ingress and egress to the abutting lot owner, the grantor or the party making the dedication saying to the owners of lots, 'This right of ingress and egress you shall have'; but not so with an ordinary public road. The state creates the easement for the entire public; its use is that of the public, one citizen having as much right to this use as the other; and when its abandonment or nonuser is deemed necessary for the public good, the county court may discontinue." The board

of supervisors in making the order abandoning the road merely surrender the rights which have been acquired by the public. If, by grant or otherwise, rights have been acquired by an abutting property owner, such rights are unaffected by the order (*Leverone* v. *Weakley*, 155 Cal. 395, [101 Pac. 304]), but such owner may not insist that the public shall maintain a road for his private convenience and use. As disclosed by the record, Pepper lane was not necessary nor used for the purpose of ingress and egress to the property of Faulkner, and while Swift had access therefrom to his property, it appears that by the abandonment he acquires exclusive dominion over the land to the center of the road, thus affording him a continued means of ingress and egress to his property from the abandoned public highway. Under these circumstances, and upon the authority of *Levee District* v. *Farmer*, 101 Cal. 178, [35 Pac. 569, 23 L. R. A. 388], we are compelled to hold that the order appealed from should be affirmed, and it is so ordered.

Allen, P. J., and James, J., concurred.