[Civ. No. 2629. Second Appellate District.—July 29, 1918.]

## EMIL FIRTH et al., Appellants, v. HOWARD W. BOHRMANN et al., Respondents.

HIGHWAY—ABANDONMENT—RIGHT OF BOARD OF SUPERVISORS.—In view of the provisions of subdivision 3 of section 2643 of the Political Code, a board of supervisors may, of its own motion and without any petition therefor, order a public road abandoned.

ID.—PETITION FOR ABANDONMENT — GENUINENESS OF SIGNATURES — QUALIFICATION OF SIGNERS — JURISDICTION OF BOARD OF SUPERVISORS.—On proceedings for the abandonment of a public road, the genuineness of the signatures and qualifications of the signers of the petition for the abandonment are questions to be determined by the board of supervisors, and in making such determination the board acts judicially.

ID.—FINDINGS OF BOARD—SUFFICIENCY OF EVIDENCE—PRESUMPTION ON COLLATERAL ATTACK.—Where a hearing to abandon a public road is regularly had upon a petition sufficient in both form and substance, it will be presumed on collateral attack that the evidence was ample to establish the truth of the board's findings as to the genuineness of the signatures and the qualification of the signers of the petition.

ID.—ABANDONMENT OF ROAD — PROCEEDINGS NOT SUBJECT TO COLLATERAL ATTACK.—The action of a board of supervisors abandoning

a public road at a hearing regularly had upon a sufficient petition cannot be collaterally attacked because of error in adjudication of a question of fact, not procured by fraud extrinsic or collateral to such question.

APPEAL from an order of the Superior Court of Los Angeles County denying a new trial. John W. Shenk, Judge.

The facts are stated in the opinion of the court.

Sheldon Borden, George H. Moore, and Jas. B. Redd, for Appellants.

A. J. Hill, County Counsel, and Chas. E. Haas, Deputy County Counsel, for Respondents.

SHAW, J.—In this action plaintiff sought a judgment enjoining defendants from working, improving, and using a certain strip of land as and for a public road.

Judgment went for defendants. Thereafter plaintiff's motion for a new trial was by the court denied, from which order he prosecutes this appeal.

It appears that in May, 1909, plaintiff Firth was the owner of a tract of land comprising over four hundred acres which, under the designation of "Orange Cove," he subdivided into lots ranging from five to eighteen acres each. Over this tract at said time there extended a meandering public road known as the Vinedale road. On May 19, 1909, there was presented to the board of supervisors a petition in due form and substance, signed by ten persons who therein represented themselves as being freeholders, and praying that said road be abandoned and vacated. After notice thereof published as provided in section 2688 of the Political Code, a hearing of the petition was had, followed by an order wherein, after reciting that evidence both oral and documentary was received touching all matters set forth in said petition, the board expressly found said petition to be true, and that "all said petitioners are freeholders in said Vinedale road district and taxable therein for road purposes; that they will be accommodated by the proposed vacation, and that at least two of said petitioners are residents in said road district"; and thereupon said board ordered that the petition be

granted and that the highway, which was in said petition and said order described, be vacated and abandoned and the land contained therein restored to acreage.     Thereafter, on August 5, 1912, the board of supervisors, by a purported order made and entered, rescinded the order made July 7, 1909, hereinbefore referred to, whereby said road was vacated and abandoned.

In its answer defendant alleges that four of the ten persons whose signatures were attached to the petition for the vacation and abandonment of said highway were not freeholders; hence it is claimed the petition was insufficient to vest jurisdiction in the board of supervisors to make the order vacating said roadway; or, to use the language of counsel for defendant, "the county of Los Angeles maintains that inasmuch as the petition was not signed by ten freeholders, as required by section 2681 of the Political Code, the board of supervisors did not obtain jurisdiction, and that this order declaring the road vacated was without jurisdiction and void." In support of this allegation contained in the complaint and in accordance with counsel's contention, the court, over plaintiff's objection, received evidence tending to show that some of the signers of the petition were not freeholders and would not in fact be accommodated by the closing of the road.     That a board of supervisors may, of its own motion and without any petition therefor, order a public road abandoned, was held by this court in *Swift* v. *Board of Supervisors,* 16 Cal. App. 72, [116 Pac. 317], where it was said, "that by subdivision 3 of section 2643 of the Political Code it is made the duty of the board, of its own motion and without hearing evidence, to abandon by proper order such roads as are not necessary for the public use, and thus relieve the county of the expense and burden of their maintenance." Conceding, however, that this statement was, as claimed by respondent, unnecessary in the decision of that case and that the presentation of a petition signed by at least ten freeholders, two of whom shall be residents of the road district wherein the road proposed to be vacated is situated and taxable therein for road purposes, all as provided in section 2681 of the Political Code, is a necessary prerequisite to the making of such an order, nevertheless the question as to the genuineness of the signatures and the qualifications of the signers of the petition is one to be determined by the board

(*Great Western Power Co.* v. *Pillsbury,* 170 Cal. 180, [149 Pac. 35]), and as to which question the order in this case recites that evidence was heard and upon which the board found such facts to be established. As to this question the board acted judicially. (*Waugh* v. *Chauncey,* 13 Cal. 11.) We must assume that at the hearing regularly had upon a petition sufficient both in form and substance the evidence was ample to establish the truth of the facts so found; hence it follows that such adjudication "can be vacated only in the manner and upon the grounds that would justify the vacation of a judgment rendered by a court of record, and mere error in the adjudication of a question of fact, not procured by fraud extrinsic or collateral to such question, is not ground upon which it may be vacated, since, if it were, no adjudication of a question of fact would ever become final, so long as new evidence could be had, or a different conclusion be reached upon the same (or, as in this case, other) evidence." (*People* v. *Los Angeles,* 133 Cal. 338, [65 Pac. 749].) To permit a collateral attack in such cases as permitted herein by the trial court must inevitably lead to intolerable confusion. The abandonment of the road was not a proceeding which directly affected private property, and hence is distinguishable from those cases in proceedings to open, grade, or improve a street, as was that of *Wilcox* v. *Engebretsen,* 160 Cal. 288, [116 Pac. 750].

That the action of the board of supervisors in making the order vacating the road in question is not open to collateral attack is sustained by numerous decisions, among which see *Swift* v. *Board of Supervisors, supra; Levee District* v. *Farmer,* 101 Cal. 178, [23 L. R. A. 388, 35 Pac. 569]; *Belser* v. *Hoffschneider,* 104 Cal. 455, [38 Pac. 312]; *County of Siskiyou* v. *Gamlich,* 110 Cal. 94, [42 Pac. 468].

The order is reversed.

Conrey, P. J., and James, J., concurred.