[Civ. No. 7255.   Third Dist.   June 19, 1946.]

ROSE SEVERO, Respondent, v. M. S. PACHECO, SR., et al., Appellants.

George Wadsworth for Appellants.

J. Kingsley Chadeayne for Respondent.

THOMPSON, J.—The defendants have appealed from a portion of the judgment which was rendered against them quieting title in plaintiff to a private easement in 150 feet of

a 40 foot roadway along Middle Road, lying east of Fremont Road in San Joaquin County, and to the fee in the southerly 20 feet of the remaining portion of that roadway, to the center thereof, adjacent to her land, from said point 150 feet east of Fremont Road to the easterly line of her property. The parties acquired title to their land by deeds with reference to a recorded map of the tract upon which the roadways in question were delineated. The plaintiff obtained her private easement for use of the roadway by grant as an appurtenance to her land. The roadway was used by the parties for many years for a distance of 150 feet easterly from Fremont Road, beyond which point, the court found, the roadway had never been used by anyone. The board of supervisors formally abandoned the entire roadway as a public highway. The trial court determined that, after the declaration of abandonment as a public thoroughfare, the fee to the center of Middle Road reverted to the respective adjacent owners of land, subject to plaintiff's private easement to the entire roadway for a distance of 150 feet east of Fremont Road, and enjoined the defendants from interfering with that private right.

The complaint alleges that plaintiff for ten years last past has been the owner of 20 acres of farm land in San Joaquin County, together with an easement in ''Middle Road,'' a 40 foot roadway intervening between her property and that of the defendants, M. S. Pacheco, Sr., and Mary S. Pacheco, his wife; that the plaintiff acquired title thereto by deed with reference to the map of the ''Naglee Burk Tract,'' of which it was a part, which map is on file in the recorder's office of that county and depicts said roadway, together with ''Fremont Road,'' running at a right angle therewith and bordering her land on the west; that during all of said time she has used said Middle Road as a right of way for access to her property; that on January 31, 1944, the board of supervisors of said county formally abandoned said Middle Road *as a public highway,* and the defendants thereafter constructed a fence along the center line of said roadway and excluded her from the use of her private easement in and to the 20-foot strip of said roadway adjoining defendants' respective properties.

Fremont Road extends north and south adjacent to the western lines of the lands of plaintiff and the defendants, Mr. and Mrs. M. S. Pacheco, Sr. Middle Road extends easterly from Fremont Road, at a right angle, between the lands of the last mentioned parties. The defendants, M. S. Pacheco,

Jr., and his wife, Mary, own two 20-acre tracts, one of which adjoins plaintiff's land on the east and the other adjoins the land of the Senior Pachecos on the east. Middle Road intervenes between the two last mentioned 20-acre tracts, after passing the property of plaintiff. Each 20-acre tract extends along said roadway a distance of about one thousand feet.

The defendants answered the complaint, denying the material allegations thereof. They also filed a cross-complaint alleging title to their respective tracts of land, the formal abandonment by the board of supervisors of Middle Road as a public highway, and their titles to the 20-foot strips of abandoned roadway adjacent to their respective properties. They asked the court to quiet title in them to their one-half of said roadway, to the center thereof, acquired by said abandonment, and to enjoin the plaintiff from using any portion thereof or from interfering therewith.

The court adopted findings favorable to the plaintiff to the effect that she acquired title to a private right of way or easement, as appurtenant to her land, by means of her deed which referred specifically to the recorded map upon which said Middle Road was depicted, and that her personal right to the use of that roadway, as distinguished from its use as a public highway, survives its abandonment by the board of supervisors as a public thoroughfare. The court found that plaintiff had continuously used that roadway as access to her property during all of the time she had owned it, for a distance of 150 feet easterly from Fremont Road, but that it had never been used by anyone for road purposes easterly of that point. Judgment was accordingly rendered quieting title in plaintiff to a right of way in and to the entire 40 foot width of said Middle Road for a distance of 150 feet easterly from Fremont Road, and enjoining the defendants from interfering with that vested right. The decree also quiets title in plaintiff to the fee in the southerly 20-foot strip of said roadway adjacent to her property, easterly from said point 150 feet east from Fremont Road, to her eastern boundary line. The judgment determines that the defendants also have a right of way in said roadway for a distance of 150 feet east of Fremont Road, *jointly with the plaintiff*, and that the defendants own the fee in the 20-foot strips of said roadway adjacent to their respective properties, from said point 150 feet east of Fremont Road to the eastern boundaries of their land.

The chief controversy on this appeal is the question as to whether a private right of way or easement acquired by a grantee of land with specific reference to a recorded map of a subdivided tract, upon which said road or highway is depicted, survives a formal subsequent abandonment by a board of supervisors of the roadway as a public thoroughfare. The respondent asserts that a private right of way, so acquired by deed with reference to a recorded map, is an appurtenance to her land distinct from the right of the general public, which easement may not be terminated by a subsequent abandonment of the roadway by the board of supervisors as a public thoroughfare. She suggests that she might have claimed an easement and right of way over Middle Road for the entire length of her property instead of for only 150 feet thereof east of Fremont Road, but that she has "chosen to abide by the decision of the trial Court" in that regard. That problem was waived. It is not an issue on this appeal.

■ The plaintiff acquired a private right of way and easement appurtenant to her land over the entire width of Middle Road for a distance of at least 150 feet east of Fremont Road by virtue of her deed to "Lot Five B (5B) of Map of The Naglee Burk Tract, according to the official Map or Plat thereof filed for record March 7, 1911 in Vol. 5 of Maps and Plats, page 18, San Joaquin County Records," distinct from the right of the general public to the use of said highway as a public thoroughfare, for the reason that the land was purchased by a deed which specifically referred to the recorded map of the tract of which it was a part, which map depicted the roadway adjacent to plaintiff's land. (*Danielson* v. *Sykes,* 157 Cal. 686, 689 [109 P. 87, 28 L.R.A.N.S. 1024]; *Syers* v. *Dodd,* 120 Cal.App. 444 [8 P.2d 157]; *Swift* v. *Board of Supervisors,* 16 Cal.App. 72, 77 [116 P. 317]; *Moffatt* v. *Tight,* 44 Cal.App.2d 643 [112 P.2d 910]; *Richardson* v. *O'Hanrahan,* 83 Cal.App. 415, 423 [256 P. 1103]; 150 A.L.R. 652, note; 28 C.J.S. § 39, p. 701.)

■ A private easement to a roadway acquired by grant is not affected by a subsequent abandonment of the highway by the board of supervisors as a public thoroughfare. It may survive such an abandonment. (*Swift* v. *Board of Supervisors, supra*; 39 C.J.S. § 141, p. 1079; 150 A.L.R. 652, note.) In the Swift case it is said:

"The board of supervisors in making the order abandoning the road merely surrender the rights which have been ac-

quired by the public. If, by grant or otherwise, rights have been acquired by an abutting property owner, such rights are unaffected by the order (*Leverone* v. *Weakley,* 155 Cal. 395 [101 P. 304]), but such owner may not insist that the public shall maintain a road for his private convenience and use.''

In the caption to the elaborate note which is found in 150 American Law Reports, at page 652, the author states the rule as follows:

''Where lots in a subdivision are sold by reference to a map or plat upon which ways are shown which are or become public streets or highways, the private easement which arises upon such a sale survives the vacation, abandonment, or closing of the street or highway by the public.''

And at page 657 of the same volume it is further said:

''Where one is deemed to acquire a private easement in a public street or highway from the mere fact that his property abuts thereon, such easement continues notwithstanding the vacation, abondonment, or closing of the street or highway.''

The preceding note is supported by numerous authorities from many jurisdictions, including several California cases.

The cases relied upon by the appellants in support of their contention that the abandonment of Middle Road by the board of supervisors terminated the private easement of plaintiff to her use of that roadway for her personal benefit, are not in point. None of those cases involves a private right of way acquired by grant which refers to a recorded map upon which the streets or highways are depicted. The cases cited by appellants are distinguishable on that ground.

We conclude from the foregoing authorities that the plaintiff's private right of way and easement to the use of Middle Road, a distance of 150 feet easterly of Fremont Road survived the abandonment of the highway by the board of supervisors as a public thoroughfare, and that the trial court properly quieted title in plaintiff to her private use of that roadway for that designated distance. It is immaterial that the board of supervisors was not made a party to this suit. The judgment does not affect the validity of the declaration of abandonment of the road by the board for public purposes. (Sts. & Hy. Code, § 72.)

The court properly quieted title to the fee in the lands adjacent to the properties of the respective parties to the center of Middle Road easterly from a point 150 feet east of Fre-

mont Road. Since the deeds to the grantees conveyed title to each tract by reference only to the designated lots by numbers and letters with specific reference to the recorded map of the tract of which they were a part, upon which Middle Road was depicted, the grantees took title to the center of the roadway upon which their properties abut, subject only to public and private easements for use of the roadway. (*Anderson* v. *Citizens Savings & Trust Co.*, 185 Cal. 386, 393 [197 P. 113]; *Moody* v. *Palmer*, 50 Cal. 31; Civ. Code, § 1112; 47 A.L.R. 1277, note; 4 Cal.Jur. § 8, p. 380; 8 Am.Jur. § 42, p. 778.) That rule is conceded by the respective parties. On abandonment of an easement, title to the fee reverts to the owner of the land. On vacation of a highway, where the state owns only an easement, title likewise so reverts. (Sts. & Hy. Code, § 837.) The public easement was formally abandoned by the board of supervisors. The court found that none of the parties ever used any of those portions of the roadway. There is evidence to support that finding. The plaintiff never did abandon her private easement in the road for a distance of 150 feet east of Fremont Road. Her easement in the last mentioned portion of the roadway, to be used jointly with the defendants, was properly quieted in plaintiff.

The judgment is affirmed.

Adams, P. J., and Peek, J., concurred.