ELLSWORTH v. CHICKASAW COUNTY.

**Highway**: VACATION OF: DAMAGES. One who is not injured by the vacation of a highway in any other sense than the public generally cannot maintain an action for damages therefor.

*Appeal from Chickasaw District Court.*

TUESDAY, JUNE 15.

THIS is a proceeding wherein plaintiff claimed damages, accruing to the estate of which she is administratrix, on account of the vacation, by the action of the county, of a public road upon which land of the estate abuts. There was a judgment for defendant, from which plaintiff appeals.

*L. L. Ainsworth*, for appellant.

*Potter & Hanan*, for appellee.

BECK, J.—This case involves the same principles of law recognized by us in *Brady v. Shinkle, post.* It differs therefrom in facts only in the circumstances that the land of the

estate, of which plaintiff is administratrix, lies adjacent to the vacated road. This does not create in plaintiff a right to the continuance of the road different from that possessed by other persons whose lands do not touch it. Neither does it remove the highway beyond the control of the county authorities without payment of damages to plaintiff. Plaintiff's interests are affected not differently by the vacation of the road than they would have been had it laid away from her land. She may have been injured in a greater degree, but the character and nature of her damages are not different. Following the decision above referred to, we hold that the Circuit Court rightly held that plaintiff could not recover compensation for the vacation of the road.

AFFIRMED. ·