BRADY v. SHINKLE ET AL.

1. **Highway;** DAMAGES FOR CLOSING. An action for damages for the vacation of a highway cannot be maintained by a citizen, unless he is injured in some other manner than the public generally.

2. ——: ——: STATUTE CONSTRUED. Sections 941 and 946 relate simply to the manner of recovery of damages, after they have been allowed. They do not determine when damages are recoverable.

*Appeal from Jackson Circuit Court.*

TUESDAY, JUNE 15.

UPON the petition of defendants a certain highway in Jackson county was vacated for the distance of one mile; it was not interfered with further. Plaintiff, at the proper time and in the proper manner, made application to the Supervisors for damages sustained by him on account of the vacation ordered. He is the owner of land situated upon the highway, but not upon the part vacated, which commences about thirty rods from his farm. Upon the hearing of his application, the Super-

visors allowed him damages in the sum of $100; its payment at a certain time being made a condition to the vacation of the road. Upon an appeal to the Circuit Court from the order awarding damages, judgment for $100 was recovered by plaintiff. Defendants now appeal to this court.

*Amos & Fletcher*, for appellants.

*S. L. Baker* and *J. S. Darling* for appellee.

BECK, J.—The question of law presented in this case is a novel one. It is this: Where a road, for a part of its course, is vacated may the owner of land situated on the part not vacated, recover damages sustained by him on account of the vacation?

I. That a land owner may sustain damage according to the common acceptation of the word, on account of the vacation 1. HIGHWAY: of a highway, as stated in the question, cannot be
damages for
closing. doubted. It is equally true that inconvenience and damage may result to him by closing a road which is miles away from his land. A farmer may suffer serious loss and inconvenience by the vacation of a highway, over which he is accustomed to travel and haul the productions of his farm to market, though his land abuts upon no part of it. All who use the road suffer in the same way. While one may be more largely injured than others, he yet sustains damages of the same character and nature which all who use the road, the public generally, suffer. While the road exists he has a right to the easement. But this right is not different from that enjoyed by the public generally. His right then is such as is enjoyed by the public; his damages are those shared by the public and no other. It is well settled that in such a case recovery cannot be had by a citizen.

It cannot be claimed that plaintiff's property, by the vacation of the road, is taken from him either for public or private use. The right to the continuation of the highway held in common with the public, if it exists, cannot be claimed to be property of the character which the citizen holds free of governmental interference, except upon receiving therefor due com-

pensation. We hold many rights subject to the control of the state for the public good. The law places the control of highways with the power to vacate them, out of the reach of the citizen. They are to be exercised for the public good. Inconveniences and damage resulting therefrom are not to be compensated. Each citizen must bear such burdens; they are imposed as a condition for the enjoyment of the benefits resulting from government.

It will be readily seen that different rights of the citizen are invaded when a road is established, than when one is vacated. In the establishment of a highway real property must be taken for public use, and the law provides in such cases for compensation to the land owner. In the vacation of a road the land so taken is restored to the owner, and the right of the public to its use is cut off. The citizen has no right to the continuation of the road, except such as he holds in common with the public. The distinctions between the right of a citizen to the use of an existing highway and his right to its continuation, are also plainly discernible. While he may not be deprived of the first right, the second he holds subject to the exercise of lawful authority.

II. It is urged that plaintiff's right to recover damages is secured by Code, § 946, and other provisions. The proceed-

2. ——: ——: ings to establish, vacate and alter public roads are statute construed. provided for in the Code by general provisions, and the subjects are treated of together. Section 941 is in these words, "All claims for damages and objections to the establishment, vacation or alteration of the highway must be in writing," etc. Section 946 provides as follows, " Said Board (of Supervisors,) may increase or diminish the damages allowed by the appraisers, and may make such establishment, vacation or alteration, conditioned upon the payment, in whole or in part, of the damages awarded or expenses in relation thereto." These provisions and others of like character, it will be observed, do not prescribe in what cases damages shall be allowed; they simply prescribe the proceedings to recover, and enforce the payment of damages when allowed. To determine in what cases, involving proceedings relating to roads,

damages may be recovered, we must look elsewhere for the law. It is found in the constitutional provision to the effect that private property shall not be taken for public use without first compensating therefor. Art. 1, § 18. As we have seen, there exists in plaintiff no right to recover for damages, resulting from the vacation of the road in question; no such right is conferred by statute. The judgment therefore in his favor is unauthorized by law.

A question is made by plaintiff as to the effect of the order in case the judgment in his favor be held erroneous. The order establishing the road is conditional upon the payment of the damages assessed. It is insisted that, if the judgment for damages be set aside, the whole order must be held invalid. This question is not now before us. The appeal to the Circuit Court was from the order allowing damages, and no other question than those pertaining to the right of plaintiff to damages, was decided there. No other branch of the case can be considered here. The question raised by plaintiff must be determined in other proceedings.

The judgment of the Circuit Court awarding damages to plaintiff is

REVERSED.