## STUBENRAUCH V. NEYENESCH ET AL.

1. **Municipal Corporation: POWER TO VACATE STREETS.** The power of a city council to vacate streets in a city organized under a special charter, but afterward incorporated under the general law of the State, discussed.

2. **Equitable Jurisdiction: INJUNCTION: PASSAGE OF ORDINANCE BY CITY COUNCIL.** Equity has no jurisdiction to enjoin the passage of an ordinance by a city council establishing or vacating streets, *certiorqri* being, under the statute, the proper method of reviewing such action.

*Appeal from Marion Circuit Court.*

## TUESDAY, OCTOBER 19.

ACTION in equity. Petition dismissed on the merits, and the plaintiffs appeal.

*H. G. Curtis*, for appellants.

*Bousquet & Ryan*, for appellees.

SEEVERS, J.—The petition states the plaintiffs are lot owners in the city of Pella, adjacent to a certain portion of the territory of said city which had also been laid out into lots, streets and alleys; that the city council of said city had under and by virtue of a resolution passed by it vacated the streets and alleys in the

1. MUNICIPAL corporation: power to vacate streets.

last mentioned territory, and propose to pass a certain ordinance to more effectually accomplish the same purpose; that the same is being done for "private ends and uses, and against the public benefit,    *    *    and to the disadvantage of the plaintiffs and the public generally, and in utter disregard of plaintiffs' rights and interests,    *    * to the irreparable injury of the plaintiffs." The relief asked was that the mayor and city council, who are made defendants, be enjoined from passing said ordinance,    *    * and that "all resolutions, papers and agreements tending toward the vacation of streets and alleys that may have been passed by said city council be    *    *    set aside and held for naught." An injunction was asked and granted restraining the passage of said ordinance, which on motion was dissolved, and thereafter there was a trial and the action dismissed.

Counsel for the appellants state the question to be determined to be that the city has "no power to vacate or divert streets and alleys from their use as such, and any act to that end is *ultra vires*, and interferes with vested rights. This identical question was before this court in *Gray v. The Iowa Land Company*, 26 Iowa, 387. It was there said by WRIGHT, J.: "If the city authorities had the power to order the vacation plaintiffs' case is at an end, for the objection made goes, as we understand, to the want of power, and not to the manner of its exercise," and it was held that under the then existing statutes the power did exist, and, therefore, a demurrer to the petition was properly sustained. The case of *Warren v. The Mayor*, 22 Iowa, 351, was referred to and distinguished. The city was laid out in 1848, and was incorporated by special charter in 1855. In 1870 such charter was abandoned, and the city became duly incorporated under the general incorporation law, which constitutes its present charter, and it is therein provided cities "have power to lay off, widen, straighten, narrow, vacate, extend, establish and light streets, alleys and public grounds." Code, § 464.

Here is found an express grant of the requisite power, and therefore it would seem the plaintiffs' case "is at an end." See *Barr v. Oskaloosa*, 45 Iowa, 275. The plaintiffs, however, insist the provisions of the Code do not apply, because no such power was granted or reserved in the original charter, or act dedicating the streets to the public; or in other words, the city under the original act of dedication holds the title to the streets in trust for the public use, and therefore does not have the power to vacate or divert the same from such use. We incline to think if the act of dedication does not in terms provide the streets shall not be vacated, that the sovereign power as the representative of the public may authorize cities in their discretion to vacate streets. If this cannot be done, then it would seem to follow the power to straighten or narrow could not be exercised. In other words the streets must continue to exist just as dedicated, no matter how much the wants of the city and public demand a change. In the case at bar the dedicator makes no complaint of the vacation in question; and has a property owner in the city such a vested interest in the streets as will render an act of the General Assembly authorizing the vacation of streets unconstitutional and void? We incline to think it is doubtful if this be so. It was held in *Ellsworth v. Chickasaw County*, 40 Iowa, 571, and *Brady v. Shinkle*, Id., 576, that the owner of land abutting on a highway which had been vacated by the proper authority could not recover damages therefor. It would seem to follow the vacation could not be enjoined because it interfered with vested rights.

Be this as it may, the appellees insist conceding the question to be as stated by appellants that injunction will not lie, and that equity is not the proper remedy, because there is a plain, speedy and adequate remedy at law. It was held in *Des Moines Gas Company v. The City of Des Moines*, 44 Iowa, 505, that the passage of an ordinance could not be enjoined, and it is provided by statute that the writ of *certiorari* may be granted

2. EQUITABLE jurisdiction : injunction : passage of ordinance by city council.

\*     \*     in all cases where an inferior tribunal, board or officer exercising judicial functions is alleged to have exceeded his jurisdiction. Code, § 3216. When return has been made to the writ, such " other testimony, oral and written, as either party may introduce pertinent to the issue" shall be considered. Code, § 3222. The action shall be prosecuted by ordinary proceedings. Code, § 3223. There are but two forms of action, ordinary and equitable. Code, § 2507. The former being at law.

From the action of the city vacating the streets in question no appeal has been provided by statute, therefore none can be taken. In such case the unquestionable weight of authority in this country is, it is said, *certiorari* lies. 2 Dillon's Municipal Corporations, § § 476, 740, and authorities cited. It was held by this court in *Myers v. Simms*, 4 Iowa, 500, that *certiorari* was the proper remedy to test the legality of the action of the county court establishing a highway.

We have no doubt *certiorari* is a proper remedy; especially is this so under the provisions of the Code above referred to, and the power given to " affirm or annul the proceedings in whole or in part, or in its discretion correcting the same and prescribing the manner in which the party or either of them shall further proceed. Code, § 3222. That cities, under Code, § 464, are vested with a discretion as to the vacation of streets, is without doubt true. This involves the power to determine when such discretion shall be exercised. It has been held this partakes of a judicial character. *Parks v. The Mayor et al.*, 8 Pick., 217; *Gay v. Bradstreet*, 49 Me., 580. It would seem to follow that it is not the province of equity to correct the errors of another tribunal vested with a discretionary power and proceeding under statutory authority.

In High on Injunctions, § 404, it is said: "An injunction will not be allowed to prevent the authorities of a city from exercising their control over the opening or widening of public streets or highways. There must be some reason

·to justify the interference of equity, such as an inadequate remedy at law, multiplicity of suits, irreparable injury, breach of trust, or the like. 2 Dillon's Municipal Corporations, § 727.

While it is averred in general terms the plaintiffs will suffer irreparable injury, no facts are stated which justify the averment. Nor could there be any such injury, because the remedy by *certiorari* is full and complete. In addition to what has been stated it is provided when the writ is applied for a stay of proceedings before the inferior tribunal may be granted. Code, § 3218.

For the reasons above stated, we think the judgment below should be

AFFIRMED.