## MILLER v. SCHENCK.

1. **Highways**: ESTABLISHMENT OF: ESTOPPEL TO DENY. A petition was presented to the board of supervisors, in 1869, for the establishment of a neighborhood highway, about two and a half miles long, on the line of a previous survey, which was substantially on the line of a road which had been traveled for twenty years before. The petition was signed by all the owners of the land over which the road would run, save one, and was accompanied by a deed of dedication from all the land-owners who signed the petition. The land-owner who did not sign the petition owned forty acres bordering on the proposed highway, about a mile and one-half from defendant's land, by the road in question. Notwithstanding the failure of this one to join in the petition and deed, the board established the highway upon the petition and deed, without the appointment of a commissioner. Afterwards public money and labor were expended in improving the highway. Bridges were built, embankments were made and ditches were dug. In an action to enjoin defendant from obstructing the highway, *held* that no one of the land-owners who joined in the petition and deed, nor his grantee, could be heard to say that so much of the highway as passed over his land was not duly established.

2. ———: ———: RESCISSION AT SUBSEQUENT TERM. After a board of supervisors has taken final action in establishing a highway, and adjourned, it cannot, at a second regular term thereafter, reconsider and rescind such action. The end aimed at by such rescission could be reached only upon proper proceedings to vacate the highway.

3. ———: OBSTRUCTION: ACTION TO ENJOIN: ESTOPPEL. The obstruction by plaintiff of a portion of a highway which was impassable, and had fallen into disuse, and by which obstruction defendant neither altered his condition nor acquired any new rights, did not estop plaintiff from maintaining an action to enjoin defendant from obstructing another portion of the highway which was in actual use.

4. ———: ———: INJUNCTION BY PRIVATE CITIZEN. Where defendant obstructed a portion of a highway which was of special importance to plaintiff, as furnishing almost the only available way for entering and leaving his premises, *held* that plaintiff had such an interest in the matter, as distinguished from the interest of the general public, as entitled him to maintain an action for the abatement of the nuisance. (See *Park v. Railway Co.*, 43 Iowa, 636.)

5.  **Appeal:** NO RELIEF TO PARTY NOT APPEALING. A party who does not appeal can claim no relief in this court from the terms of the judgment below. (See *Donnelly v. Cedar County*, 75 Iowa, 536.)

*Appeal from Jackson District Court.*—Hon. A. J. LEFFINGWELL, Judge.

FILED, OCTOBER 9, 1889.

ACTION for the abatement of a nuisance, and to recover damages alleged to have been caused by it, and to enjoin defendant from obstructing an alleged highway. The cause was tried to the court, and a part of the relief demanded by plaintiff was granted. The defendant appeals.

*L. A. Ellis* and *D. A. Wynkoop*, for appellant.

*Graham & Cady*, for appellee.

ROBINSON, J.—Plaintiff owns and resides upon a farm which includes the west one-half and northeast quarter of the northeast quarter, and the northwest quarter of the southeast quarter of section 8, township 87 north, of range 3 east, and defendant owns all the northwest quarter of the same section, excepting a schoolhouse site. Plaintiff claims that there is a duly-established public highway through the northern and northeastern part of defendant's land, which the latter has obstructed by building fences across it; that said obstructions interfered with the free and proper use of plaintiff's premises, and that in consequence thereof he has sustained special damages. Defendant denies that the alleged highway was ever established, and claims that he had been in open, notorious, continued and adverse possession of the land over which the alleged highway passes, under claim and color of title, for more than ten years prior to the commencement of this action; that if a highway exists, as claimed by plaintiff, then his interest therein is not different from that of the general public, and he is not entitled to maintain this action; that plaintiff has obstructed said highway, and by reason of that fact is now estopped from complaining of the acts of defendant in question. The court below found that a highway had been established, as claimed

by plaintiff, and perpetually enjoined defendant from obstructing it, and rendered judgment against him for nominal damages.

I. The evidence shows that a road substantially on the line of the highway in question has been traveled by those who had occasion to pass that way since about the year 1847. More than thirty years before this cause was tried, a schoolhouse was located and built upon the northeast corner of the quarter section which, excepting the schoolhouse site, is now owned by defendant. The schoolhouse so located has been rebuilt, and schools have been maintained in the two schoolhouses since the first one was erected. Pupils and others, who had occasion to use the schoolhouse, went to and from it in part over the line of the highway in question. In December, 1868, a survey for a road was made on the line of the highway now claimed by plaintiff to have been established. In September, 1869, a petition was presented to the board of supervisors of Jackson county, asking the establishment of a highway on the line of the survey of the preceding December. The petition was signed by all the owners of the land over which the proposed road would pass, with but one exception, and was accompanied by a deed of dedication, executed by the land-owners who signed the petition,—twelve in all. As we understand the record, the road asked for by the petitioners was about two and one-half miles in length. Morris Wogand owned a forty-acre tract of land, along one side of which the proposed road was to run, but did not sign the petition, nor execute the deed. His land was about one and one-half miles from the land of defendant, by the road in question. Notwithstanding the failure of Wogand to join in the petition and deed, the board of supervisors, in terms, established the road as demanded by the petitioners, forty feet wide, and in accordance with the plat made in December, 1868. Appellant contends that the attempted establishment of the road was of no effect, and void, by reason of Wogand's failure to join the other land-owners in

1. HIGHWAYS: establishment of: estoppel to deny.

Miller v. Schenck.

executing the deed of dedication. Section 858 of the Revision provided that roads might be established without the appointment of a commissioner, "provided the written consent of all the proprietors of the land to be used for that purpose be first filed and recorded." It is shown that after the road was established by the board of supervisors, public labor and money were expended, to a limited extent, in opening and maintaining it, and it was used for many years. Bridges were built, embankments were made, and ditches were dug. Some of the improvements of the road were made by means of private donations, but the road throughout most of its course was treated and used as a public highway. This being the case, we do not think that any land-owner who signed the petition and executed the deed, nor the grantee of such owner, can be heard to say that so much of the road as passed over his land was not duly established. The road was used chiefly as a neighborhood road, and for the convenience of the people who lived on or near it. It was evidently designed for such use, and the preponderance of the evidence shows that it was duly established.

II. It is claimed by appellant that the board of supervisors, at the regular meeting held in January, 1870, reconsidered its action taken at the September meeting of 1869, in establishing the road in question. The road records show that the board, in terms, took the action claimed, but appellant has not called our attention to any provision of the statute nor to any authority which would sustain such a proceeding on the part of the board. The action taken in September was complete and appeared to be final. A regular meeting of the board was held between the September meeting and the one held in January, and nothing was then done. The action of the board was not a continuation of the proceedings commenced to establish the road, but was in the nature of new and independent proceedings, taken to vacate a road duly established. Notice of such proceedings was not given; and we are of the opinion that they were unauthorized and without effect.

2. ——:——: rescission at subsequent term.

III. It appears that plaintiff fenced across the road in question on or near the west boundary line of his land, and appellant claims that he is thereby estopped from maintaining this action. It is not shown that defendant in any manner altered his condition, or acquired any rights by virtue of the obstructing of the road by plaintiff. Elements necessary to constitute an estoppel are lacking. It appears that the portion of the road southeast of the obstructing fence built by plaintiff had been permitted to fall into such a condition that it could not be used. The part of the road most traveled was that part west of the land of plaintiff in the northwest quarter of section 8. It could be used readily without regard to the obstruction in question, and was so used. We are of the opinion that an estoppel has not been shown.

*3. ——: obstruction: action to enjoin: estoppel.*

IV. It is claimed that plaintiff has no such interest in the questions involved in this action, as distinguished from the interest of the general public, as entitles him to maintain this action. The evidence shows that it is of special importance to him, as furnishing almost the only way available for entering and leaving his premises. This is sufficient to entitle him to maintain the action. *Park v. Railway Co.*, 43 Iowa, 636.

*4. ——: ——: injunction by private citizen.*

V. Appellee claims that a part of the road, as originally established, was washed away and made impassable; that he acquired a right to construct a road on the land of defendant to avoid the part so washed away, and constructed and used such road. This claim is denied by appellant, and the court below found for him on that issue. Appellee discusses his right to the road he claims to have acquired, but, since the record does not show that he has taken an appeal, we cannot determine the questions discussed. *Donnelly v. Cedar County*, 75 Iowa, 536, and cases therein cited. We discover no error in the record. The judgment of the circuit court is **AFFIRMED.**

*5. APPEAL: no relief to party not appealing.*