W. H. GROVE, Appellant, v. L. G. ALLEN.

Vacating Highway: Demand. Code, 946, relating to the estab-
1  lishment of highways and allowances of damages, does not provide
   damages for a vacation.

Practice. No appeal is provided from an allowance of damages caused
2  by the vacation of a highway. Code, 959.

*Appeal from Story District Court.*—HON. D. R.
HINDMAN, Judge.

THURSDAY, DECEMBER 13, 1894.

PLAINTIFF claimed three hundred and fifty dollars' damages in a proceeding on the petition of the defendant and others to vacate a certain highway. The appraisers allowed him twenty-five dollars, and the board of supervisors increased the allowance to sixty dollars. Plaintiff served notice of appeal to the district court upon the four persons whose names first appear on the petition, including the defendant, but not upon the county auditor. The auditor caused a complete transcript to be filed with the clerk of the district court, and the defendant appeared and moved to dismiss the appeal on the ground that "the statute has made no provision for an appeal in such cases," and because no notice of the appeal was served on the county auditor. The motion was sustained, and plaintiff appeals.— *Affirmed.*

*D. J. Vinje* for appellant.

No appearance for appellee.

GIVEN, J.—We are of the opinion that the motion was properly sustained. No authority is given in the Code for allowing damages on account of the vacation of a public highway, and the reason is apparent when we consider the difference in the effect between establishing and vacating a highway. In establishing public highways, burdens may be imposed upon the individual that are not common to the general public. If the highway be established upon his land, land is taken; or, if along his line, though no land is taken, increased burdens, in the way of fencing and the like, may be imposed. Not so, however, in vacating a highway. Then nothing is taken but the right, held in common by the general public, to travel on the highway so long as it remains such. In *Brady v. Shinkle*, 40 Iowa, 576, wherein the plaintiff claimed damages on account of the vacation of a public highway, this court said: "A farmer may suffer serious loss and inconvenience by the vacation of a highway over which he is accustomed to travel, and haul the productions of his farm to market, though his land abuts upon no part of it. All who use the road suffer in the same way. While one may be more largely injured than others, he yet sustains damages of the same character and nature which all who use the road—the public generally—suffer. While the road exists, he has a right to the easement. But this right is not different from that enjoyed by the public generally. His right, then, is such as is enjoyed by the public. His damages are those shared by the public and no other. It is well settled that, in such a case, recovery can not be had by a citizen. It can not be claimed that plaintiff's property, by the vacation of the road, is taken from him either for public or private use. The right to the continuation of the highway held in common with the public, if it exists, can not be claimed to be property of the character which the citizen holds free of governmental interference, except

upon receiving therefor due compensation." In *Ellsworth v. Chickasaw Co.*, 40 Iowa, 571,—a case identical in principle with this,—the ruling in the former case is followed. The only provision in the Code that even seems to authorize damages on account of the vacation of a highway is in section 946, which provides that the board "may make such establishment, vacation, or alteration, conditioned upon the payment in whole, or in part, of the damages awarded, or expenses in relation thereto." As said in *Brady v. Shinkle, supra:* "These provisions, and others of like character, it will be observed, do not prescribe in what cases damages shall be allowed. They simply prescribe the proceedings to recover and enforce the payment of damages when allowed."

Our conclusion is emphasized by the fact that no provision is made for appeal in cases like this. Section 959 of the Code expressly provides for appeals from the final decision of the board of supervisors as to damages in cases of the establishment of highways. If damages, as here claimed, were contemplated, surely some provision would have been made for appeals in such cases. We think it entirely clear that plaintiff was not entitled to any damages, and that his appeal was properly dismissed. AFFIRMED.