L. McKINNEY, *et al.*, Appellants, v. PETER BAKER, *et al.*

**Certiorari:** VACATION OF HIGHWAY: *Notice.* Where it is sought to review, by *certiorari*, proceedings had to vacate a highway, on the ground that no notice was served on the owner (plaintiff), or on occupants of the land abutting the highway, the petition will be demurrable unless it avers that plaintiff's ownership appeared on the auditor's transfer book, or that he resided within the county, or that said occupants so resided.

IRREGULARITIES. Proceedings of the board of supervisors, vacating a highway, are not void because the appraisers were not appointed on the day set for filing claims, but on another day, as no damages are allowable for vacating a highway, and it is therefore immaterial when the appraisers are appointed.

*Appeal from Keokuk District Court.*—HON. D. RYAN, Judge.

SATURDAY, DECEMBER 12, 1896.

THIS is a proceeding ·by *certiorari*. Plaintiffs, in their petition filed in the district court, averred that the defendants, the board of supervisors and auditor of the county of Keokuk, had exceeded their jurisdiction, in that they failed to put the names of the owners of the land through which the highway passed, in the published notice of the filing of the petition to vacate the road in controversy. Also, because the defendants did not serve any notice upon the owners of the land through which the road runs; that they failed to appoint commissioners on the proper day; that they proceeded to hear and determine the cause without giving the owners and the occupants of the land an opportunity to object to the appointment of the appraisers, and that they vacated the

road, thereby depriving the owners of certain tracts of land from an outlet to a public highway. It appears from the petition: That the only notice given of the filing of the petition to vacate the highway was one published in a newspaper, and that it did not contain the names of any of the owners or occupants of lands abutting upon the said highway. That the auditor appointed a commissioner to view the road. That he recommended the proposed vacation. That commissioners were appointed to assess the damages, and reported in favor of allowing none. That prior to the appointment of said commissioners the plaintiffs and others filed with the county auditor remonstrances against the vacation of the highway, and plaintiffs at the same time filed claims for damages. That on the final hearing before the board the parties on both sides were present. That evidence was taken, and two days consumed in the hearing, and the board granted the petition, and vacated the highway. That in the district court the defendants demurred to plain- tiffs' petition because: *First.* The names of the owners of the land through which the road passes need not be in a notice, because the plaintiffs were then in court, and had appeared in the case. *Second.* Plaintiffs cannot complain that other interested persons did not have notice. *Third.* The petition shows plaintiffs had full opportunity to object to the appointment of appraisers, and that they had no right to object. *Fourth.* The court cannot determine the propriety of vacating said road. it being a matter of discretion reposed in the board of supervisors. *Fifth.* Plaintiffs were in court, and were fully heard on all questions presented in their petition herein. It appears that the cause was dismissed, and judgment rendered against plaintiffs for costs. From this judgment they a ppeal.—*Affirmed.*

*C. G. Johnston* and *C. M. Brown* for appellants.

*G. D. Woodin & Son* for appellees.

KINNE, J.—I. Code, section 936, provides that "within twenty days after the day is fixed by the auditor, as above provided, a notice shall be served on each owner or occupier of land lying in the proposed highway, or abutting thereon, as shown by the transfer books in the auditor's office, who resides in the county, * * * and such notice shall be published for four weeks in some newspaper printed in the county." The statute requires the notice to be personally served upon the owner, as shown by the transfer book, when he resides in the county; if he be a non-resident, upon the occupier of the land, if there be one residing within the county. *Alcott v. Acheson,* 49 Iowa, 570. The petition demurred to does not show that plaintiffs' ownership appeared upon the transfer book, nor that they resided in Keokuk county. Nor is it alleged that there was any occupier of the land they claim to own, or if there was such occupier, that he was a resident of this state. Hence, no personal notice was necessary as to plaintiffs, or as to the occupier of their land, if there was one. The same is true as to the claimed owners or occupiers of other lands abutting upon the highway. Their ownership is not shown to appear upon the transfer books, nor is it made to appear that they resided within the county. And as to the occupant of said land, if any, it is not averred that he resided within the county or state. *State v. Chicago, Burlington & Quincy Railway Co.,* 68 Iowa, 135 (26 N. W. Rep. 37). The published notice was in proper form, except it did not contain the names of the owners of the land. As, however, it is not shown that any of the names of

such land-owners appeared in the transfer books, it cannot be said that the notice was defective.

II.  It is claimed that the proceedings of the board of supervisors are void, because the appraisers were not appointed on the day set for filing claims, but on another day. If this was a case wherein damages might be allowed, this contention would demand consideration. As it is well settled that no damages are allowable for vacating a highway, it is wholly immaterial when the appraisers were appointed. *Grove v. Allen*, 92 Iowa, 519 (61 N. W. Rep. 175; *Brady v. Shinkle*, 40 Iowa, 576; *Ellsworth v. Chickasaw County*, 40 Iowa, 571. We have treated the case upon the petition and demurrer, and upon the assumption that the demurrer was sustained. It does not, in fact, appear that the demurrer was ruled upon. The statute contemplates that the hearing and judgment of the court below should be upon the return to the writ, the facts as therein certified, and other testimony which may be introduced. Code, section 3222. By agreement entered into in the court below, the court was to take the returns into consideration in determining the demurrer. The judgment entered would indicate that the demurrer was overlooked, and the case disposed of on its merits. As, in any event, the demurrer should have been sustained, and neither the petition nor return warranted any relief to plaintiffs, the court did not err in its judgment.—Aꜰꜰɪʀᴍᴇᴅ.