JAMES S. CHRISMAN, GEORGE W. ROBARDS ET AL., v. H. C. BRANDES, W. F. BAKER ET AL., Members of the Board of Supervisors of Pottawattamie County, Iowa, Appellants.

ANDREW G. GILBERT, v. H. C. BRANDES, W. F. BAKER ET AL., Members of the Board of Supervisors of Pottawattamie County, Iowa, Appellants.

**Highways:** POWER OF SUPERVISORS TO VACATE. A board of super-
1  visors has power to vacate the streets and alleys of a plat which is not within an incorporated town or city, although there may have been an incorporation of territory including the plat during a portion of the time intervening between the platting and vacation of the same, but which had been annulled by a decree of the court: and the jurisdiction of the supervisors in such circumstances, conferred by Code, section 422, is unaffected by the provisions of section 920, relating to a vacation of all or a part of a plat upon request of lot owners.

**Same:** NOTICE: APPEARANCE. Failure to give notice to other land-
2  owners of proceedings to vacate highways will not render the proceedings void as to those notified; and appearance without notice confers jurisdiction.

**Highways:** VESTED RIGHTS: DISCONTINUANCE. Public highways are
3  created by statute either directly or through delegated power, and no individual can acquire a vested right therein which will prevent their discontinuance, at the instance of the creative power.

**Vacation of highways:** *Res judicata.* The expediency of vacating

VOL. 137 IA.—28

4   a county highway is a question for the board of supervisors
    and is not reviewable in *certiorari* proceedings: and an order
    restraining abutting owners from vacating the same is not a
    bar to a proceeding under the statute before the supervisors
    for that purpose.

*Appeal from Council Bluffs Superior Court.*— HON. G. H.
                    SCOTT, Judge.

              WEDNESDAY, JULY 3, 1907.

   REHEARING DENIED TUESDAY, FEBRUARY 18, 1908.

   Two cases are here submitted for determination; one
an action in *certiorari* to review the action of the board of
supervisors in vacating certain streets and highways of Man-
awa Park, and the other an action in equity to enjoin the
board of supervisors from vacating certain streets and high-
ways in Manawa Park. The cases were tried together.
They were submitted on the same testimony and by stipula-
tion are submitted on the same record here. Lake Manawa
is a small lake near Council Bluffs, Iowa, and in 1887 the
land bordering on this lake to the north was platted into lots,
streets, and alleys by the then owner thereof, one I. M. Hay.
In 1888, a town known as Manawa Park was incorporated,
embracing within its limits the plat made by said Hay, and
for a number of years it continued as a *de facto* municipal
corporation, with the usual offices and officers provided by
law for such corporations. During the existence of said
town, some of the plaintiffs and others brought an action
to sever certain territory from the town of Manawa and se-
cured a decree severing such territory and vacating all of the
streets and alleys of Manawa Park north of Park avenue,
and, after such severance, all the lands included in the plat
of Manawa Park north of Park avenue were inclosed and
used as agricultural lands. Still later suit was brought to
vacate the establishment of the town of Lake Manawa, on the
ground that a municipality had not been created as provided

by law, and in that action a judgment was entered as prayed, and thereafter the town of Lake Manawa ceased to exist as a corporation either *de jure* or *de facto*. In 1900, the Omaha, Council Bluffs & Suburban Railway Company became the owner of blocks 27, 28, 29, 30, 31, 33, and 34 of Manawa Park, and thereafter they filed an instrument as the owner of abutting property vacating those blocks and the alleys therein and the streets abutting thereon, including South Third street between blocks 30 and 31, and proceeded to inclose these premises, including South Third street between blocks 30 and 31, as a part of their park. Proceedings were also had before the board of supervisors of the county of Pottawattamie, by which part of Boulevard, Portland avenue, South Fourth street, and Regetta avenue were vacated by the board of supervisors, to which proceedings the appellees herein, other than the Gilberts, were parties. In the meantime, a part of the old county road east of South Third street had been vacated, and a road known as the "Marks' Consent Road," connecting South Second street with the old county road, had been established. In 1902, Chrisman and others, plaintiffs in this *certiorari* action, commenced a suit in the superior court of Council Bluffs to enjoin the inclosure of all these streets and highways. There was a trial of that case, and a judgment therein enjoining the street railway company from the inclosure of Park avenue, South Third street, Lake avenue, and the intersection of Boulevard and South Third street, and dismissing the bill as to other streets. An appeal to this court was taken in that case, and the judgment of the lower court was affirmed by an opinion which is reported in 125 Iowa, 133, *(Chrisman v. Railway & Bridge Co.)*. After this decision had been handed down, the Omaha, Council Bluffs & Suburban Railway Company and others filed with the board of supervisors the petition in controversy in this action. Notice of the filing of this petition for vacation was in proper form, and service was had on all the plaintiffs in this *certiorari* case except the Gilberts and Day and Hess. A

commissioner was duly appointed thereafter, who made an examination of the premises and reported in favor of the vacation.

Pending these proceedings before the board, Gilbert, the plaintiff in the equity case herein, sued out a writ of injunction to restrain the board of supervisors from vacating any of these streets and alleys. A temporary restraining order was issued, which the defendants subsequently moved to vacate or modify, and it was in fact vacated as to all streets and alleys except Main street and Lake avenue, and, as to these streets, it was continued for final hearing. On the dissolution of this restraining order, the board of supervisors proceeded to the consideration of the petition for the vacation of the streets and alleys. Objections thereto were filed by Chrisman and Robards and others of the plaintiffs, and at the hearing the Gilbert brothers appeared and were represented by counsel, and Day and Hess by a member of their firm. After a full hearing, the board of supervisors passed a resolution vacating all the streets and alleys asked to be vacated in the petition except Main street and Lake avenue, and continued the hearing as to those streets. Thereafter the appellees in the *certiorari* case sued out a writ of *certiorari* to set aside the action of the board of supervisors in vacating these streets, and the petitioners, for the vacation thereof, dismissed the application pending before the board as to Main street and Lake avenue. On the trial, there was a judgment in the *certiorari* action reversing the action of the board of supervisors; and, in the equity action, the injunction as to Main street and Lake avenue was made perpetual, and as to the other streets and alleys, the petition was dismissed. It is from this judgment that the appeal is taken in this case.— *Reversed.*

*Harl & Tinley,* for appellants.

*Flickinger Bros.,* for appellees.

SHERWIN, J.— It is apparent from the statement of this case that the controlling question involved herein is whether the board of supervisors had jurisdiction under the statute to vacate the streets and alleys in controversy. If they had statutory authority, another question which is made by the record is whether they had properly before them the parties necessary to a valid vacation of such streets and alleys. Some other questions are presented for determination which will be considered later on.

We think there can be no serious question as to the power conferred on the board of supervisors relative to the streets and alleys involved in this controversy. It must be remem-

1. HIGHWAYS: power of supervisors to vacate.

bered that they were created by plat prior to the creation of the corporation. When the land was platted, it was simply a government subdivision, and was not within the limits of any municipality, and, such being the case, it is clear that, during the time between the filing of the plat and its incorporation into a municipality, the streets and alleys provided for in the plat were under the control of the board of supervisors of the county, if they were used by the public, and it is the contention of both the appellants and the appellees that they were so used. By Code, section 422, subdivision 16, the board of supervisors is given power to discontinue any State or territorial highway, and by subdivision 17 thereof to lay out, establish, alter, or discontinue any county highway heretofore laid out or hereafter to be laid out through or within the county. By section 751 of the Code, cities and towns are given power to establish, lay out, open, widen, vacate, etc., streets and alleys. And, from these two sections, together, it is seen that the power of establishing and vacating roads other than streets and alleys in municipalities is lodged in the board of supervisors of the county, and that the power to vacate streets and alleys is in the city councils of cities and towns. Code, section 48, subdivision 5, provides that " the words highway and road include public bridges and may be held equivalent to the

words county way, county road, common road and State road," and by section 1507 of the Code it is provided that " all public streets of villages are a part of the road." From a consideration of these various statutes, it is manifest that, when the plat of Manawa Park was filed, its streets and alleys became county roads, within the definition of the statute, and were subject to the jurisdiction of the board of supervisors; and while it is probably true that, after the incorporation of the town of Manawa, the control over its streets and alleys passed to its city council, when the incorporation was abandoned or was put out of existence by a decree of the court, the control of its streets and alleys reverted to the board of supervisors, and that said board was the only tribunal that had jurisdiction over them, and the board could do with them whatever it could do with the other highways of the county similarly situated. See on this subject, *Maywood Co. et al. v. Village of Maywood,* 118 Ill. 61 (6 N. E. 866); *Chrisman v. Omaha & C. B. R. Co., supra.*

The appellees contend that the board of supervisors have no jurisdiction under the statute to vacate streets and alleys, claiming that they can only be vacated under the provisions of Code, section 920. This section is clearly not applicable to a case of this kind. It provides, in substance, that whenever the owners of any tract of land which has been platted into town lots, and the plat of which has been recorded, shall desire to vacate the plat, or a part thereof, certain proceedings shall be had; and it further provides that, if, at the hearing of the petition, it shall appear that all the owners of lots in the plat or a part thereof to be vacated desire the vacation, and there is no valid objection thereto, a decree shall be entered vacating such portion of the plat and the streets, alleys, and avenues therein. It is manifest that the vacation of all or a part of a plat is the subject-matter of this section of the statute, and that the vacation of the streets and alleys in such plat is a mere incident thereto. There can be no vacation of all or a part of a plat without the vacation of all

or a part of the streets and alleys, and the vacation of such streets and alleys under this section was not intended in our judgment to deprive city councils or boards of supervisors of the powers conferred upon them relative to the vacation of streets and highways.   Section 920 does not refer to, or by its express terms attempt to limit, the power of city councils or boards of supervisors in the vacation of streets or highways, and we think it must be held that the section provides an additional means for their vacation when it is sought to vacate the entire plat or a part thereof.   Counsel for appellees contend that, as these streets were created by the plat for Manawa Park, they were parts of the plat, and can be vacated only in the manner provided by section 920; but to so hold would be to repeal the powers conferred upon the board of supervisors by section 422 of the Code, and upon city councils by section 751 thereof, and it is a familiar rule that statutes will never be repealed by implication, unless it is found to be absolutely necessary.   This necessity does not exist in the present case.   Furthermore, in *Chrisman v. Railway Co., supra,* it was held that the vacation of some of the streets in Manawa Park by the board of supervisors was legal, and it was sustained.

The appellees urge that the action of the board of supervisors cannot be sustained, because some of the abutting owners, other than themselves, were not served with notice of

2. SAME: notice: appearance.

the petition for the vacation of the streets and alleys; but their contention is settled adversely to them in *Ross v. Board of Supervisors,* 128 Iowa, 427.   Of course, where the parties appeared, the board had jurisdiction, whether there had been a service of notice or not.

It is claimed that the owners of lots in Manawa Park acquired a vested interest in the use of these highways which

3. HIGHWAYS: vested rights: discontinuance.

could not be disturbed by any action of the board of supervisors; but there is manifestly nothing in this contention.   While the principle would be applied to a controversy between private individ-

uals, it has no application where it is sought to procure a statutory vacation of a highway through a tribunal given power by the statute to determine such questions. Public highways are created by statute either directly or through delegated power, and it is manifest that they may be discontinued by the same power that created them, and that no individual can acquire such vested rights against the State as will prevent the discontinuance of a particular highway. The position of the appellees is, in effect, that they have such a vested right in the maintenance of the streets and alleys in question that the State itself, the creator thereof in the interest of the general public, cannot provide for the vacation of such streets in opposition to the wish of the appellees; but, as we have seen, there is no merit in this contention. Furthermore, if it were to be conceded for the purpose of this case that plaintiffs have a vested interest in the maintenance of such street and alley access to Lake Manawa, the record clearly shows that there are other ways by which they may reach said lake, and, such being the case, they cannot insist upon having the ways in controversy kept open for their accommodation. *Lorenzen v. Preston,* 53 Iowa, 580.

The appellees claim that there was fraud in procuring the signatures to the petition for the vacation of these streets and alleys, but there is nothing in this claim.

It is also said that the appellants are precluded from making an application for the vacation of these streets and alleys on account of the adjudication in the *Chrisman* case, *supra.* The contention is evidently based

4. VACATION OF HIGHWAYS: *res* upon the theory that the injunction in that *judicata.* case restrained the railway company from vacating, or attempting to vacate, any of the streets referred to. There was no adjudication in that case which would deny the appellants herein the right to proceed under the statute for the vacation of such streets and alleys. It only held that the railway company, as the owner of abutting property, could not itself vacate the streets. It did not hold that they

might not be vacated in the interest of the public, and hence nothing therein denies the appellants the right to proceed under the statute. The expediency of vacating these streets and alleys was a question for the board of supervisors, and is not reviewable in this action. *Tiedt v. Cartensen,* 61 Iowa, 334; *Spitzer v. Runyan,* 113 Iowa, 620.

For the reasons stated, the trial court was in error, and its judgment must be, and it is,— *Reversed.*