Matthew McCann v. Clarke County, Iowa.

**Highways:** VACATION: DAMAGES.  The vacation of a highway adjacent to a tract of land, to which the owner has no other convenient means of access, causes a special damage to the owner, separate and distinct from that suffered by the general public, and he is entitled to recover such damages.
Overruling Brady v. Shinkle, 40 Iowa, 576 and cases following it.

*Appeal from Clarke District Court.*—Hon. H. K. Evans, Judge.

Tuesday, October 25, 1910.

Suit to recover damages for the vacation of a county highway. There was a verdict and judgment for the plaintiff, from which the defendant appeals.—*Affirmed.*

*Lloyd Thurston* and *Temple & Temple,* for appellant.

*O. M. Slaymaker,* for appellee.

Sherwin, J.—The plaintiff is the owner of an unimproved forty acres of land, principally valued for its timber, and lives about a mile and a quarter east thereof. When he bought the forty, there was a north and south public highway on the quarter section line east of him, upon which the forty abutted, and an east and west public highway on the half section line, upon which the forty also abutted. There was and still is a highway on the south line of the section, and there is a highway from that road north on the west line of the same section to the southwest corner of plaintiff's forty. The board of supervisors vacated the highway immediately east and south of the plaintiff's land, and this suit was brought to recover damages for such vacation.

The appellant presents the one question whether the plaintiff is entitled to recover the damage that he has sustained by reason of the vacation of the highway. His contention that such damage may not be recovered, under the rule announced in *Brady v. Shinkle,* 40 Iowa, 576, and followed in *Grove v. Allen,* 92 Iowa, 520, and *McKinney v. Baker,* 100 Iowa, 365, is well taken. In the *Brady-Shinkle* case, the court denied the right of recovery on the ground that the injury suffered was only such as was suffered by the general public. It was there said:

A farmer may suffer serious loss and inconvenience by the vacation of a highway over which he is accustomed

to travel and haul the productions of his farm to market, though his land abuts upon no part of it.  All who use the road suffer in the same way.  While one may be more largely injured than others, he yet sustains damages of the same character and nature which all who use the road—the public generally—suffer.  While the road exists, he has a right to the easement.  But this right is not different from that enjoyed by the public generally.  His right, then, is such as is enjoyed by the public.  His damages are those shared by the public, and no other.  It is well settled that in such a case recovery can not be had by a citizen.  It can not be claimed that plaintiff's property, by the vacation of the road, is taken from him either for public or private use.  The right to the continuation of the highway held in common with the public, if it exists, can not be claimed to be property of the character which the citizen holds free of govermental interference, except upon receiving due compensation.

But we are constrained to say that this reasoning is unsound, and that it has been disapproved, in effect, in the later cases of *Borghart v. Cedar Rapids,* 126 Iowa, 313, *Ridgeway v. Osceola,* 139 Iowa, 590, and *Long v. Wilson,* 119 Iowa, 267, where it was held that the owners of lots abutting upon vacated streets suffered special damages, as distinct from the damages suffered by the general public, which entitled them to recover.  That the owner of land abutting a country highway may also suffer special damage because of its vacation is too clear for-argument.  Suppose that a farmer owns forty acres of land that abuts on a highway which furnishes him his only means of getting to his land, that the land on all sides of him is owned by others, and that such highway is vacated.  It is true that the land originally taken from his forty reverts to him upon the vacation of the highway; but that does not help him any, because his neighbors take back their land as well, and he is left without access to his land, unless he buys a way thereto.  His right as one of the public is entirely different from his right to the highway

as a means of enjoying the free and convenient use of his abutting property. This right is a special one, and, if it is of value to him, it is property which can not be taken from him without compensation. See *Ridgeway v. Osceola, supra.* Elliott on Roads and Streets (2d. Ed.) section 877.

It goes without saying that the value of the land is materially lessened by cutting off convenient access thereto, just the same as is the value of a city lot. The distinction attempted in the *Brady* case can not be sound, and it should not be longer approved or followed. In *Long v. Wilson, supra,* which involved the vacation of a street, we did not think it necessary to overrule the *Brady* case, and hence distinguished it along the line pointed out in the former, and because the land reverted in highway vacations. But, now that the question relates solely to the vacation of a country highway, we are convinced that no sound distinction can be made between the two conditions, and that the *Brady* case and those following it, which are based entirely on its reasoning, should be overruled. The judgment of the district court is therefore *affirmed.*