A. B. MAGDEFRAU et al., Appellants, v. WASHINGTON COUNTY, Appellee.

No. 45237.

AUGUST 6, 1940.

T. L. Brookhart, for appellants.

Richard A. Stewart, for appellee.

HALE, J.—On February 15, 1939, the board of supervisors of Washington county passed a resolution authorizing the

854

county auditor to appoint a commissioner as provided by section 4564 of the Code, and continued with proceedings to vacate a certain portion of the public highway which abuts the property of the appellants, and a commissioner was appointed. He reported, recommending vacation. Notice was given to appellants on March 20, 1939, such notice stating that all claims for damages must be filed in the auditor's office on or before noon of May 15, 1939. On April 19, 1939, appellants filed claim for damages. On August 2, 1939, the board of supervisors disallowed the claim. Appeal was taken to the district court. On October 6, 1939, appellee filed its motion to dismiss the appeal, and, on October 27, 1939, this motion to dismiss was sustained by the court. From this action of the court this appeal is taken.

Appellants claim that the court erred in holding that the board of supervisors did not have jurisdiction to act on appellants' claim and allow damages, and in holding that appellants have no right of appeal, appellants claiming that jurisdiction to act on appellants' claim and allow damages was conferred upon the board by the appellants appearing and filing their claim for damages pursuant to notice served upon them by the board, under chapter 237 of the Code.

The issues in this case are: (1) Does the board of supervisors have jurisdiction to allow damages for the vacation of a road where claim for damages was filed by an abutting landowner within the time prescribed by the notice given by the board of supervisors to said landowner requiring him to file objections and claim for damages; and (2) Do the appellants have right of appeal from the resolution of the board of supervisors disallowing claim for damages for vacation of road filed by such abutting landowner?

The questions presented involve the consideration of several sections of chapter 237 of the Code of 1935, and especially of sections 4580, 4585, 4586, and 4597, relating to the establishment, alteration, and vacation of highways, and to appeal. Appellee insists that neither claims for damages nor appeal from refusal of the board to allow such damages are permis-

sible under the statute. The general provision as to the power of the board of supervisors to "establish, vacate, and change" the secondary roads of the county is found in section 4560. This is followed by several sections providing the method by which such establishment, vacation, or alteration may be carried out, including the appointment of a commissioner and the fixing of a day when the petition and report shall be acted on (section 4573) "* * * on or before which day all objections to the establishment, alteration, or vacation of the road, and all claims for damages by reason of its establishment or alteration, must be filed in the auditor's office." Section 4576 prescribes the form of notice, which shall state that the commissioner has reported in favor of the establishment, vacation, or alteration, and directs that all objections thereto or claims for damages must be filed.

Section 4580 is as follows:

"If objections to the establishment of the road or claims for damages are filed, the further hearing of the application shall stand continued to the next session of the board of supervisors held after the commissioners appointed to assess the damages have reported. All claims for damages and objections to the establishment, alteration, or vacation of the road must be in writing, and the statements in the application for damages shall be considered denied in all subsequent proceedings."

Section 4581 provides that "Upon the expiration of the time for filing claims for damages, if any are filed, the auditor shall appoint three disinterested electors of the county as appraisers, to assess the amount of damages any claimants may sustain by reason of the establishment or alteration of such road, * * *," and provides for notice to the appraisers and their meeting and performance of their duty. They shall then report and the action which the board may take is set out in sections 4585 and 4586:

"4585. * * * When the time for final action arrives, the board may hear testimony, receive petitions for and remon-

strances against the establishment, vacation, or alteration, as the case may be, of such road, and may establish, vacate, or alter, or refuse to do so, as in their judgment, founded on the testimony, the public good may require.

"4586. * * * Said board may increase or diminish the damages allowed by the appraisers, and may make such establishment, vacation, or alteration conditioned upon the payment, in whole or in part, of the damages awarded, or expenses in relation thereto. All damages for such establishment, vacation or alteration which must be paid by the county shall be payable from the secondary road construction fund."

Originally these two sections (excepting the last sentence) constituted but one section, being 1501 of the Code of 1897, and 946 of the Code of 1873, but now, as editorially divided, are the two sections above quoted. It may be of value to note some of the changes in procedure relating to roads from the early settlement of the state. The Code of 1851 contained little provision for the vacation of a highway. Section 516, relating to county roads, merely stated that such roads might be altered or discontinued by pursuing substantially the same steps prescribed for opening a new road, and in another section provision was made for the refund of money advanced or damages paid in the event of discontinuance. The county court was given general power of supervision and the power to establish and "change" the roads as provided in the Code. The general procedure for establishment in that and subsequent Codes was similar. The same provisions occur in the Revision of 1860. The Code of 1873, as to general power of the board of supervisors, was the same, but for the first time the word "vacate" is used, in section 922, which gave a form of petition, and in section 923, providing for bond and form of notice. The general supervisory power given in section 1482 of the Code of 1897 invested the board "with power to establish, vacate and change" the roads, and this language is carried through subsequent Codes. The right of appeal was given in the Code of 1873, in section 959, authorizing an appeal by any claimant

for damages claimed to be caused by the *establishment* of a highway. The subsequent addition of the words ''or alteration'' occurs in the Code of 1897 (in section 1513) as it now appears in the Codes of 1935 and 1939, section 4597.

This court in its interpretation of these various provisions regarding vacation of roads has not always been consistent in its holdings. In the case of Brady v. Shinkle (1875), 40 Iowa 576, the court held that in the case of a plaintiff who was the owner of land situated upon the highway, but not upon the part vacated, which commenced about 30 rods from his farm, damages were not recoverable. The board of supervisors awarded damages and upon appeal to the circuit court the order of the board was affirmed. The question presented to the supreme court as stated was: ''Where a road, for a part of its course, is vacated may the owner of land situated on the part not vacated, recover damages sustained by him on account of the vacation?'' The basis of the decision of the court was that an action for damages could not be maintained by a citizen unless he is injured in some other manner than the public generally. The case does not hold, as seems to be implied in subsequent decisions where it is cited, that no damage may be recovered in any case. It merely holds that plaintiff's damages are those shared by the public, and no other, and in such case recovery cannot be had by a citizen. For the same reason, at the same time, the court refused damages, as reported in Ellsworth v. Chickasaw County, 40 Iowa 571.

The case of Grove v. Allen, 92 Iowa 519, 61 N. W. 175, was an appeal by a claimant for damages in the vacation of a highway, the amount allowed by the appraisers being considered by him insufficient. Defendant's motion to dismiss the appeal because the statute has made no provision for an appeal in such cases, and because no notice of appeal was served on the county auditor, was sustained, and on appeal to this court the ruling on the motion was affirmed. The reason given in the opinion is that nothing is taken but the right held in common by the general public to travel on the highway so long as it remains such. Brady v. Shinkle, supra, and Ellsworth v. Chick-

asaw County, supra, are cited and quoted as authority, and the opinion holds that if damages were contemplated by the statute there would be some provision for appeal, but that there is no appeal provided by section 959, Code of 1873, which referred at the time only to appeals to the circuit court from the decision of the board by any applicant for damages claimed to be caused by the establishment of any highway. This, with some modification, is now section 4597 of the Codes of 1935 and 1939. No reasons are given other than above stated.

McKinney v. Baker, 100 Iowa 362, 69 N.W. 683, merely states that damages are not allowable for the vacation of a highway, basing the ruling on the three cases above cited, but there is no discussion and the statement is made only in argument in ruling that proceedings of the board are not void because of an irregularity in appointment of appraisers. Chrisman v. Brandes, 137 Iowa 433, 112 N.W. 833, relates only to the right of the board to vacate and has no reference to allowance of claims. McCann v. Clarke County (1910), 149 Iowa 13, 16, 127 N.W. 1011, 36 L.R.A., N.S., 1115, was an action which presented the question of the right to recover damages for vacation of a highway. The earlier cases of Brady v. Shinkle, supra, Grove v. Allen, supra, and McKinney v. Baker, supra, were reviewed and the reasoning disapproved. Referring to a former case, Long v. Wilson, 119 Iowa 267, 93 N.W. 282, 60 L.R.A. 720, 97 Am. St. Rep. 315, "* * * which involved the vacation of a street, we did not think it necessary to overrule the *Brady* case, * * *. But, now that the question relates solely to the vacation of a country highway, we are convinced that no sound distinction can be made between the two conditions, and that the *Brady* case and those following it, which are based entirely on its reasoning, should be overruled."

Notwithstanding the holding of the court in the McCann case, later, in Heery v. Roberts (1919), 186 Iowa 61, 170 N.W. 405, the court, in discussing the question of notices, used the language (186 Iowa, page 70, 170 N.W., page 408): "So far as a claim for damages is concerned, that is not a factor in the vacation of a highway. For such vacation affords no basis for

a claim of damages; * * *." The effect of the McCann case is not discussed, nor is it referred to. This statement was based on and cites the earlier cases above mentioned, but was modified on rehearing, the opinion on rehearing (186 Iowa, page 73) holding that under the McCann case, "there may be a claim for damages on account of the vacation of a highway, if that highway be adjacent to a tract of land to which the owner has no other convenient means of access; because, in such case, the owner of the land suffers a special damage, separate and distinct from that suffered by the general public."

The claim for damages in the case at bar, filed with the board, brings it within the rule announced in the above case of Heery v. Roberts. Claimants own land in the quarter section east of and abutting upon the road proposed to be vacated. Their claim states that Williams Creek, which cuts such road, cannot be crossed with farm implements or vehicles except over the bridge on said road, and access to their land south of the creek will be prevented, except by a long detour or heavy expense. It is apparent that the allegations of their claim state damages peculiar to themselves and not to the general public.

The statute provides for filing claims for damages. The sections of the Code heretofore referred to indicate that the board may increase or diminish damages allowed by appraisers. It seems apparent that the statute throughout rests in the board full authority and jurisdiction to determine the amount and allowance thereof, and that claims of the nature of the one here considered may be allowed. Yonota v. Modrachek, 189 Iowa 538, 178 N. W. 388, was an appeal in which one question only was involved—whether an appeal would lie from an order of the board denying damages for vacation. This court held it would not, but the greater part of the opinion is devoted to a discussion of whether or not such claim may be filed, or, if filed, may be allowed, matters which we think were determined prior to that time and were not in issue. We are satisfied that the entire statute contemplates the filing of claims for damages and the allowance or disallowance by the board.

II. The remaining question is whether or not an appeal to the district court lies from a refusal of the board to allow a claim for damages for vacation of a highway. From the short summary of the changes in the procedure for establishment, alteration, and vacation of roads above set out, it will be seen that at first reference in the statutes was only to the establishment, and the procedure was the same in matters pertaining to alteration and vacation. Various modifications were made at different sessions of the legislature as occasion demanded. In the amendments and changes made, as in section 4581 referring to appraisers, in the preceding section 4580, referring to claims, and in section 4576, as to notice, all the procedure relates to vacation as well as alteration or establishment. It is provided in sections 4585 and 4586 that the board hear testimony and determine the case, and may establish, vacate, or alter, or refuse to do so, and may make such action conditioned upon the payment *"of the damages awarded,* or expenses in relation thereto.'' (Italics supplied.) Surely no such action would be taken with respect to vacation if the legislature had not intended that the board had the power to determine the question of damages and to allow or disallow them. Under the general power of supervision, and powers granted by section 4560, and the many provisions relating to such powers and the procedure directed, it is our opinion that all sections of chapter 237 refer to the procedure in vacation, alteration, and establishment of highways. We know of no reason why the appraisers in the one case, and the board acting on the report of the appraisers, should be informed as to the probable claims or anticipated cost in one proceeding and not in another. Nor do we know of any reason why, in proceedings for vacation of a road, one would be required to bring an independent lawsuit to establish his damages and be permitted to appeal in the other proceedings. That he would have a right of action we do not doubt, under the holdings in the cases cited above. The reasons given for denying the right of appeal in some previous cases are technical and based upon a strict construction of certain separate sections of chapter 237. But we

think this court in the recent case of Furgason v. Woodbury County, 212 Iowa 814, 237 N. W. 214, has determined that such right exists contrary to the holding in the Yonota case, supra. In the Furgason case claimant filed his claim with the board. It was denied and claimant appealed. The claim was appealed. The finding of the court in favor of the claimant was sustained by this court. The opinion quotes the general provision of section 4560 of the Code, and section 4597, relating to appeals. The appellee herein contends that this was an independent action for damages, but it is not so treated by the language used in the opinion, which speaks of the action as an appeal. The case states that a road had been vacated, a claim for damages filed, appealed from and tried to the court.

In any event, we feel that under the rule of construction directed by section 64 of the Code, the intent of the legislature, as evidenced by construing the various sections in connection with all the provisions of the chapter, was to apply the same rule of procedure throughout. And this seems to us reasonable. Our opinion therefore is that the order of the court should be and it is reversed and the cause remanded.—Reversed and remanded.

RICHARDS, C. J., and MITCHELL, STIGER, HAMILTON, SAGER, BLISS, OLIVER, and MILLER, JJ., concur.