EDGAR N. HANSELL, petitioner, v. EVERETT MASSEY et al., as members of Board of Supervisors of Decatur County, respondents.

No. 48296.

(Reported in 59 N.W.2d 221)

JUNE 9, 1953.

Hoffman & Hoffman, of Leon, for petitioner.

R. B. Hawkins and Dio S. McGinnis, both of Leon, for respondents.

OLIVER, J.—August 10, 1950, the Board of Supervisors of Decatur County vacated a secondary road, forty feet wide, commencing at the "center of Section 8, Township 69, Range 25, and running thence South ¾ of a mile to the Northeast corner of the SE NW of Section 17, Township 69, Range 25." This was done under the provisions of chapter 306, Code of Iowa, 1950, upon the petition of appellee-Hansell who owned all the land abutting thereon.

July 10, 1951, the Board adopted a resolution rescinding such vacation. Thereupon appellee ·instituted this certiorari proceeding in district court, alleging the Board had acted illegally and without jurisdiction in rescinding the vacation of the road, and praying that the order rescinding the vacation be set aside. Upon trial the rescission was adjudged invalid and the writ was sustained. The Board has appealed.

The defense by the Board is based upon the contention its 1950 vacation proceedings were void. It concedes that if the 1950 proceedings were valid, the resolution of July 10, 1951, rescinding the vacation, would be invalid, because the road, if vacated, could have been re-established in 1951 only by following the regular statutory procedure for establishing highways. Miller v. Schenck, 78 Iowa 372, 43 N.W. 225. Also conceded is the regularity of the 1950 proceedings prior to and including the publication of the notice of road vacation. This notice was

in the form approved by section 306.17, Code of 1950, and stated all objections or claims for damages must be filed on or before noon of August 10, 1950.

The records of the proceedings of the Board, kept by the county auditor, show the Board met August 10, 1950, "for the purpose of hearing objections to the closing of a highway [describing it]. All objections, both on file and in person, were read and heard and the following vote was taken." Each of the three members voted for the vacation.

Section 306.18, Code of Iowa, 1950, provided, if "no objections or claims for damages" were filed the auditor should proceed to establish or vacate the road.

Section 306.21, Code of 1950, stated in part: "If objections to the establishment of the road or claims for damages are filed, the further hearing of the application shall stand continued to the next session of the board of supervisors held after the commissioners appointed to assess the damages have reported."

Subsequent sections provided for the appointment, report, etc., of appraisers who should be appointed if any claims for damages were filed.

Section 306.26 provided: "When the time for final action arrives, the board may hear testimony, receive petitions for and remonstrances against the establishment, vacation, or alteration, as the case may be, of such road, and may establish, vacate, or alter, or refuse to do so, as in their judgment, founded on the testimony, the public good may require."

The record shows two instruments, each entitled "Remonstrance", were filed before August 10, 1950. One was signed by nine persons and stated in part, "Now, Therefore, the undersigned, taxpayers in said County, respectfully object, protest and remonstrate against the vacation of the highway prayed for in the petition aforesaid, for the following reasons, to-wit: mail route." The other remonstrance in the same form was signed by "Chas. Morgan, President, Center Twp. School Bd.", and the reasons stated were "will close the shortest and most direct road for pupils from South White Oak School, which is closed, to North White Oak School where some are to attend." Upon each remonstrance was written: "This claim overruled.

Road declared vacated. August 10, 1950", followed by the signatures of the members of the Board.

The Board contends the two instruments entitled "Remonstrance" constituted "objections to the establishment of the road or claims for damages" within the meaning of section 306.21 and required the appointment of commissioners to assess damages and the continuance of the hearing to the next session of the Board after the commissioners had reported. Hence, it contends its resolution of August 10, 1950, was void because it had no jurisdiction to vacate the road, at that time.

In support of this contention Leonard v. Benton County, 194 Iowa 1250, 191 N.W. 141, is cited. In that case it was proposed to establish a road through land belonging to plaintiff Leonard, thus causing special damage to his property. He filed objections and claim for damages. Hence, the appointment of commissioners to assess damages was necessary and the court pointed out that the statute intended to afford all parties interested in the proposed highway an opportunity to be heard before final action was taken by the board.

In the case at bar the vacated portion of the road is parallel to and one-half mile distant from a paved highway to which other parts of the road are accessible. One remonstrance was based upon the fear that a rural mail route might be discontinued because it would be about one and one-fourth mile longer over the pavement. There were no mailboxes on the vacated road. With reference to the school-board remonstrance the record showed one pupil was compelled to travel farther over the pavement during the time one of the schools was closed. No claims for damages were filed. Hence, there was no reason for the appointment of commissioners to assess damages.

Our decisions hold "interested parties" are the only ones entitled to notice of final hearing in vacation proceedings. "Interested parties" are defined as those owning property to which the vacation causes a special damage, separate and distinct from that suffered by the general public. Thus the owner of land abutting a highway may suffer special damage because of its vacation. His right of access is property which cannot be taken from him without compensation. Likewise, special damage

may be caused the owner of land so situated that it can be reached by no convenient way other than the vacated road. McCann v. Clarke County, 149 Iowa 13, 127 N.W. 1011, 36 L. R. A., N. S., 1115. These are the only "interested parties" heretofore recognized by our decisions.

Heery v. Roberts, 186 Iowa 61, 74, 170 N.W. 405, 172 N.W. 161, states:

"We do not intend to hold that, if the landowners through whose lands the vacated highway runs are not entitled to notice, *no* others may urge that the proceedings were invalid for lack of this notice. What we do decide is that while, on the authority of the McCann case, others may urge that lack of notice, they must make it appear that they are concerned in the matter. The McCann case gives no rights to mere intermeddlers, nor does it create a presumption that whosoever makes an attack upon a vacation of a highway will suffer special damage from the vacation, nor a presumption that someone not in court has an interest which entitled him to notice."

Magdefrau v. Washington County, 228 Iowa 853, 293 N.W. 574, reviews various decisions and approves the foregoing doctrine.

None of the signers of either remonstrance owned property to which the vacation caused a special damage, so as to make him "an interested party" within the meaning of our decisions. Hence, none was entitled to notice of the final hearing. Therefore, the distinguished trial court correctly held the action of the Board of Supervisors of August 10, 1950, in vacating the road, was not void for failure to continue the final hearing or give further notice to the signers of the remonstrances. It follows that the resolution of July 10, 1951, rescinding the vacation, was invalid, and the writ of certiorari was properly sustained.

It may be noted that the statutes here directly involved and many other sections of chapter 306, Code of Iowa, 1950, were repealed by chapter 103, Laws of the Fifty-fourth General Assembly.—Affirmed.

All JUSTICES concur.