WILLIAM F. FEHRMAN, Appellant, v. CITY OF SIOUX CITY et al., Appellees.

No. 41717.

June 20, 1933.

C. R. Metcalfe, for appellant.

H. C. Harper, A. O. Jepson, and Jesse E. Marshall, for appellees.

288

Evans, J.—The appellant has argued his case here on its alleged merits, whereas the appellees have avoided argument on such question of merit and have confined their argument to a single question of practice. They contend that their motion to dismiss was the equivalent of a demurrer and that the plaintiff did not in the district court elect to stand upon his pleading nor suffer judgment to go against him; but appealed from the ruling without making any election. To this challenge the plaintiff responds with a citation of chapter 235, 44th Gen. Assem.

We have to say that the plaintiff quite misconceives the purport of such citation. It has no controlling effect upon the question raised by the appellee.

■ By the provisions of section 12465 the action of certiorari is to be prosecuted by ordinary proceedings. The motion in this case is predicated upon grounds of demurrer, and is therefore to be treated as such.

■ Under section 12459 it is required that a petition for certiorari "must state facts constituting a case wherein the writ may issue, and be verified." The petition in this case was filed in the district court. The defendants pleaded thereto before the issuance of the writ. As a matter of practice we have held that the petition in such a case is subject to demurrer before the return thereto is made by the lower tribunal. McKinney v. Baker, 100 Iowa 362, 69 N. W. 683. We have also held that an adverse ruling on a motion to dismiss, is appealable upon an election by the adverse party to stand upon his pleading. Cedar Rapids & M. C. Railway Co. v. Cummins, 125 Iowa 430, 101 N. W. 176. On the other hand, it has been held that a demurrer will not lie *after the issuance of the writ*. In such case the proper procedure is to move to quash the writ. Price v. Town of Earlham, 175 Iowa 576, 157 N. W. 238; Tuttle v. Hutchison, 173 Iowa 503, 151 N. W. 845. The defendants' motion to dismiss must therefore be sustained, and it is so ordered. The case will be remanded to the district court with leave to this appellant to make his election there as to whether he will amend his pleading or suffer judgment to be entered thereon.—Appeal dismissed.

Kindig, C. J., and Albert, Donegan, Claussen, and Stevens, JJ., concur.