W. A. KOUNCE, Appellant, v. CITY OF DES MOINES et al.,
Appellees.

No. 45551.

JUNE 17, 1941.

REHEARING DENIED SEPTEMBER 26, 1941.

Chauncey A. Weaver, for appellant.

F. T. Van Liew, B. J. Flick, Sam Orebaugh, and Geo. M.
Faul, for appellees.

STIGER, J.— I. Section 12459 requires a petition in
certiorari to state facts constituting a case wherein the writ may
issue.

Section 12460, Code 1939, reads:

"12460 Discretion as to notice. The court or judge, before issuing the writ, may require notice of the application to be given the adverse party, or may grant it without."

The writ was issued without notice to defendants. After the issuance of a writ, a demurrer will not lie and in moving to quash the writ defendants adopted the proper procedure. Fehrman v. Sioux City, 216 Iowa 286, 249 N. W. 200.

II. The remaining issue presented on this appeal is whether the Des Moines Park Board or the Superintendent of Parks in the City of Des Moines, with the approval of the city council, has the power to appoint a custodian of Woodland Cemetery which was established and maintained by the city. We will refer to the statutes material to this issue.

Section 5698, Code 1935, of Civil Service Chapter 289 reads in part:

"5698. Names certified—temporary appointment. Such commission shall, as soon as possible after every such examination, certify to the city council the names of ten persons for each class of positions, who, according to its records, have the highest standing as a result of such examination for the position they seek to fill, and all vacancies in positions under civil service which shall occur before the holding of the next examination shall be filled from said list.

"Such appointments from civil service lists shall, in cities under the commission form, be made by the superintendents of the respective departments, with the approval of the council."

In 1931, the Forty-fourth General Assembly, chapter 149, chapter 293.1, Code 1939, required the establishment of a permanent park board in cities having a population of 125,000 or more.

The powers and duties of the .park board are defined by section 5813.6 of said chapter 293.1, which reads:

"5813.6 Powers and duties. It shall be the duty of such board to plan the city's parks and cemeteries and to administer, improve, develop, conduct and supervise the cemeteries and

parks of the city. It shall control the expenditure of all funds appropriated by the city council for cemetery and park purposes and none of the funds appropriated by the city council for said purposes shall be expended except pursuant to a resolution regularly adopted by said board. In the expenditure of funds, said board shall be governed by the ordinances of the city applicable thereto.''

Section 5813.3 of said chapter is as follows:

''5813.3 Membership. Such park board shall consist of ten members. One member of the city council shall at all times be a member of such board, and if any member of the city council of such city is at the head of a department of the city government having supervision of the parks of the city, such member shall by authority of his office be the councilman who shall also be a member of said board. The other nine members of said board shall not be members of the city council. The nine members, other than the councilman, shall be appointed by the mayor of the city from a list of eighteen names of which six shall be submitted or nominated by each of the following organizations:

''1. Library board,
''2. School board,
''3. City planning commission.''

Plaintiff's petition in certiorari contains the following allegations:

The City of Des Moines operates under the commission form of government. The defendant, E. Lee Keyser, is the duly elected and qualified Superintendent of Parks in the City of Des Moines. Plaintiff, W. A. Kounce, and defendant, Perry F. Keeling, were on the list of 10 persons who qualified with the highest standing as the result of a civil service examination certified to the city council by the Civil Service Commission of Des Moines. On March 16, 1939, the Superintendent of Parks, with the approval of the city council, appointed defendant, Perry F. Keeling, custodian of the cemetery. On April 7, 1939, the Des Moines Park Board appointed plaintiff, W. A. Kounce, custodian of the cemetery. Keeling appealed to the Des Moines Civil Serv-

ice Commission from the action of the park board appointing plaintiff. The commission sustained the appointment of Keeling by the Superintendent of Parks and Public Property.

We are of the opinion the power of appointment of a custodian of the cemetery is in the Superintendent of Parks with the approval of the city council and the trial court was right in quashing the writ.

The main proposition of appellant is that the express delegation of authority to the park board to plan, administer, improve, develop and supervise cemeteries and parks of the City of Des Moines by section 5813.6 necessarily carried with it the power to appoint civil service employees to enable the board to properly execute the duties expressly imposed; that the park board act amended section 5698 of Civil Service Chapter 289 by divesting the superintendent of parks of the power of appointment specifically granted by said section and lodged such power in the park board. We cannot agree with appellant's construction of the statutes.

Section 5813.6 of the park board act does not expressly grant to the board the power to appoint civil service employees and an implied appointive power cannot be inferred in view of the specific requirement of section 5698, Code 1935 (5699.2, Code 1939) that civil service appointments in cities under the commission form of government shall be made by the superintendents of the respective departments with the approval of the city council. Section 6566, chapter 326, entitled Government of Cities by Commission, reads:

"6566 Department superintendents. The mayor shall be superintendent of the department of public affairs and each councilman shall be superintendent of the particular department or combination of departments to which he was elected, as the case may be."

Councilman E. Lee Keyser was elected Superintendent of Parks and Public Property.

The park board act, Forty-fourth General Assembly, chapter 149, does not refer to or purport to repeal any part of Civil Service Chapter 289. The title to the act reads: "AN ACT creating a park board in cities having a population of one hundred

twenty-five thousand (125,000) or more and providing the power and duties of such board.'' The act repealed all laws inconsistent with its provisions. There is no conflict, inconsistency, or incompatibility between the park board law and the provisions of the civil service law. The requirement of the civil service chapter that appointments of park and cemetery employees be made by the superintendent of parks and public property is not at all inconsistent with the park board chapter imposing the duty on the board to supervise and develop parks and cemeteries. The custodian of cemeteries is a civil service employee of and is paid by the city.

We conclude the park board enactment did not amend the civil service chapter and that in granting the park board, an administrative agency of the city, the power to supervise and administer cemeteries and parks the legislature did not intend to bestow upon it the power to appoint civil service employees in view of the clearly expressed specific mandate of the legislature in the civil service chapter that the power of appointment shall be exercised by the superintendent of the proper department.

The Forty-seventh General Assembly reaffirmed the policy of the legislature to vest the appointive power in the superintendent and city council. In 1937, the Forty-seventh General Assembly enacted chapter 156 which added new sections to and amended and repealed certain sections of Civil Service Chapter 289, Code 1935. The chapter repealed section 5698 of the civil service law and enacted in lieu thereof section 5698, Code 1939. It amended chapter 289, Code 1935, by adding section 12, now 5699.2, Code 1939, which re-enacted the provision for the appointment of civil service employees in the following language:

''Appointing powers. All appointments or promotions to positions within the scope of this chapter other than those of chief of police and chief of fire department shall be made:

''In cities under the commission form of government, by the superintendents of the respective departments, with the approval of the city council;'' etc.

Thus, 6 years after it created the park board, the legislature re-expressed its intention to lodge the power of appointment

of city civil service employees in the superintendent of parks and public property and the city council and not in the administrative agency appointed by the mayor.—Affirmed.

HALE, C. J., and SAGER, BLISS, OLIVER, WENNERSTRUM, MILLER, MITCHELL, and GARFIELD, JJ., concur.